Mark SCHLIENTZ, Respondent,

v.

ROCK TOWNSHIP AMBULANCE
DISTRICT, Appellant.

No. ED 84099.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 19, 2004.

Dennis H. Tesreau, Bianca L. Eden (co-counsel), Hillsboro, MO, for appellant.

John Goffstein, St. Louis, MO, for respondent.

*OPINION*

GLENN A. NORTON, Judge.

This is an appeal of the circuit court's judgment reinstating Mark Schlientz's em-

ployment with Rock Township Ambulance District. We vacate the court's judgment for lack of jurisdiction.

## I. BACKGROUND

Schlientz worked as a paramedic for the District. The District accused Schlientz of removing and destroying property belonging to the District and another employee. He was terminated after a hearing. Schlientz petitioned the court for judicial review under sections 536.100 to 536.140 RSMo 2000.[1] The court found that it had jurisdiction to review the decision under chapter 536 and determined that there was not competent and substantial direct evidence to support the District's decision. The court reinstated Schlientz's employment, and this appeal followed.

## II. DISCUSSION

■ The court only has subject matter jurisdiction under section 536.100 to review final decisions in contested cases. *See Wrenn v. City of Kansas City,* 908 S.W.2d 747, 751 (Mo.App. W.D.1995). The court's jurisdiction is a question of law that we review *de novo. Brady v. Brady,* 39 S.W.3d 557, 562 (Mo.App. E.D.2001).

■ A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2). "The 'law' referred to in the contested case definition encompasses any statute or ordinance, or any provision of the state or federal constitutions that mandates a hearing. The right to a hearing, in other words, is determined by substantive law outside the MAPA." *State ex rel. Yarber v. McHenry,*

915 S.W.2d 325, 328 (Mo. banc 1995) (internal citations omitted). Thus, the relevant inquiry is not whether the District actually held a hearing, but whether it was required to do so by statute, ordinance, or constitutional provision. *See id.; see also Lipic v. State,* 93 S.W.3d 839, 841 (Mo. App. E.D.2002).

■ First, there is no general right to continued public employment in Missouri; such a right must be shown to exist by statute, ordinance, regulation, or employment contract. *Physician No. 3491 v. North Kansas City,* 51 S.W.3d 101, 106 (Mo.App. W.D.2001). Schlientz has not pointed to any provision giving him the right to continued employment with the District. Nor has he directed us to any law requiring the District to hold a hearing before terminating his employment. Schlientz claims that a hearing is required by the District's internal policy and procedure manual and by its agreement with the union. This is simply not true. At most, those documents show that the District has established a system of verbal and written warnings to precede termination. Neither document creates a reasonable expectation in, or right to, continued employment, nor any right to a hearing before employment is terminated.

This was not a contested case, and the court had no jurisdiction to review the District's decision under section 536.100.[2]

## III. CONCLUSION

The judgment of the circuit court is vacated for lack of jurisdiction, and the case is remanded to the circuit court with

1. All statutory references are to RSMo 2000.

2. We make no comment as to whether this case is reviewable as a non-contested case under section 536.150.1. Schlientz did not

seek relief under that section, and the court clearly proceeded with its review as though this were a contested case.

directions to dismiss the petition for review.[3]

CLIFFORD H. AHRENS, P.J. and KATHIANNE KNAUP CRANE, J., concurring.

**3.** The District's motion to dismiss Schlientz's brief for failure to comply with Rule 84.04 is denied.