

# In the Missouri Court of Appeals
## Eastern District

**DIVISION ONE**

| | | |
|---|---|---|
| 450 N. LINDBERGH LEGAL FUND, LLC, et al., | ) ) ) | No. ED102404 |
| | ) | Appeal from the Circuit Court |
| Appellants, | ) | of St. Louis County |
| vs. | ) ) | |
| | ) | Honorable Steven H. Goldman |
| CITY OF CREVE COEUR, MISSOURI, et al., | ) ) | |
| Respondents. | ) | Filed: June 16, 2015 |

The plaintiffs, 450 N. Lindbergh Legal Fund LLC and ten individuals, appeal the judgment entered by the Circuit Court of St. Louis County against them and in favor of the defendants, the City of Creve Coeur, Grove Assisted Living, LLC, and Wm. Biermann Company, LLC. The plaintiffs sought judicial review of the City's approval of Ordinance 5355, which authorized the issuance of a conditional-use permit for the construction and operation of an assisted-living facility in the plaintiffs' neighborhood.

The plaintiffs sought judicial review under sections 536.100 to 536.140 RSMo. (2000 & Supp. 2013), which govern review of contested cases.[1] Because the case does not qualify as a contested case, however, the trial court had no statutory authority under sections 536.100 to 536.140 to review the decision of the City as such.[2] Therefore, we reverse the judgment, and

---

[1] All statutory references are to RSMo. (2000 & Supp. 2013) except as otherwise indicated.

[2] One of the parties raised this question on appeal. We allowed all parties to address the question in supplemental briefing after oral argument.

remand the case to the trial court with directions for the trial court to dismiss the petition for review for failure to state a claim upon which relief can be granted.

*Factual and Procedural Background*

The defendant Wm. Biermann Company is the owner under contract of a 1.98-acre tract located at 450 North Lindbergh Boulevard in the city of Creve Coeur. The tract is located on the east side of Lindbergh Boulevard, and is bordered by Beaver Drive on the north and Dielmann Farm Estates Dive on the east. The City's zoning-district classification assigned to the property is General Commercial, and assisted-living facilities for the elderly are a conditional use in a General Commercial district.

Defendant Biermann applied to the City for a conditional-use permit to allow the construction and operation of an assisted-living facility for the elderly on the subject property. The City's Planning and Zoning Commission held a public hearing on the record concerning the proposed conditional-use permit. At the beginning of the hearing, all those who wished to speak were sworn in. The consulting engineering firm for defendant Biermann presented a description of the project, and the representative from the engineering firm then took questions from the planning and zoning commissioners. Members of the public then had the opportunity to speak in a narrative fashion for three minutes each to voice their opinions of the project. Following the public comments, the City's director of community development spoke. Finally, the public and the commissioners had the opportunity to ask further questions. All those who spoke did so under oath and on the record. But no witnesses were examined, no witnesses were cross-examined, no objections to evidence were made, and formal rules of evidence were not followed.

2

The City's Planning and Zoning Commission recommended approval of the conditional-use permit. The City Council approved defendant Biermann's conditional-use permit application by adopting Ordinance 5355.

The plaintiffs then filed a petition for judicial review in the Circuit Court of St. Louis County. Count I of the petition sought judicial review of the City's decision pursuant to sections 536.100 to 536.140. Count II of the petition sought a writ of certiorari, but was dismissed by the trial court during the course of the proceedings prior to final judgment. The plaintiffs have not appealed the dismissal of count II of their petition. The trial court had before it over 1,400 pages of written materials titled "Information Made Available to Creve Coeur City Council Prior to Enactment of Ordinance No. 5355" and characterized as the agency record on appeal, the City's municipal code, additional documentary evidence concerning assisted-living facilities for the elderly, and the parties' briefs and oral arguments. The trial court conducted no evidentiary hearing on the record, and heard no testimony from witnesses.

The trial court dismissed the plaintiffs' petition, determining that the City's adoption of Ordinance 5355 did not violate constitutional provisions; did not exceed the City's statutory authority of jurisdiction; was supported by competent and substantial evidence upon the whole record; was not unauthorized by law; was not made upon unlawful procedure or without fair trial; was not arbitrary, capricious or unreasonable; and did not involve an abuse of discretion.[3] The plaintiffs appeal.

*Discussion*

A municipality's decisions made in the course of enforcing zoning ordinances are reviewable under the Missouri Administrative Procedures Act ("MAPA"), Chapter 536 RSMo.

---

[3] Although the trial court stated that it was dismissing the plaintiffs' petition, the judgment makes clear that the trial court nonetheless denied relief on the merits.

3

*Lewis v. City of University City*, 145 S.W.3d 25, 29 (Mo. App. E.D. 2004). The MAPA provides for two types of cases, contested cases governed by sections 536.100 to 536.140 and noncontested cases controlled by section 536.150 RSMo. (2000). *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006). The plaintiffs sought judicial review of the City's grant of the conditional-use permit pursuant to sections 536.100 to 536.140. The circuit court has authority under section 536.100 RSMo. (Supp. 2013) to review final administrative agency decisions only in contested cases. Thus, the threshold question we must address is whether the instant case is a contested case or a noncontested case.

The MAPA defines a "contested case" as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(4) RSMo. (Supp. 2013); *Furlong*, 189 S.W.3d at 165. The MAPA does not expressly define a "noncontested case," but our Supreme Court has defined it to mean a decision for which the law does not require a hearing prior to determination. *Id.*

Sections 536.100 to 536.140 govern contested-case review. *Id.* Contested cases provide the parties an opportunity for a formal hearing with the presentation of evidence, including sworn testimony and cross-examination of witnesses, and contested cases require written findings of fact and conclusions of law. *Id.* Under sections 536.100 and 536.110 RSMo. (2013), any person who has exhausted all administrative remedies and is aggrieved by a final decision in a contested case is entitled to judicial review by the circuit court. *McCoy v. Caldwell County*, 145 S.W.3d 427, 428 (Mo. banc 2004). Review of a contested case is a review by the trial court of the record created before the administrative body. Section 536.140 RSMo. (2013); *Furlong*, 189 S.W.3d at 165. As occurred in this case, the trial court determines whether the agency action is unconstitutional; is in excess of the agency's statutory authority or jurisdiction; is

4

unsupported by competent and substantial evidence on the whole record; is unauthorized by law; is made upon unlawful procedure or without a fair trial; is arbitrary, capricious, or unreasonable; or involves an abuse of discretion. *Cade v. State*, 990 S.W.2d 32, 37 (Mo. App. W.D. 1999). The trial court's decision upon such review is appealable, but the appellate court also reviews the record created before the administrative body. *Furlong*, 189 S.W.3d at 165.

Noncontested cases do not require formal proceedings or hearings before the administrative body. *Id.* Judicial review of noncontested cases differs from that of contested cases as well, and is governed by section 536.150 RSMo. (2000); *Cade*, 990 S.W.2d at 37. Under the provisions of section 536.150 RSMo. (2000), the trial court conducts such a hearing as an original action. *Furlong*, 189 S.W.3d at 165. The trial court does not review the agency record for competent and substantial evidence, but instead conducts a *de novo* review in which it hears evidence on the merits, makes a record, determines the facts, and decides whether the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion. *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 508 (Mo. banc 2009); *Cade*, 990 S.W.2d at 37.

In sum:

> The driving idea behind administrative law in Missouri is that the citizen is entitled to a fair opportunity to present the facts of his or her case. If this occurs in the context of the procedural formality and protection of a "contested case" before the administrative agency, the review in the courts can be limited to the record. If the citizen is denied this opportunity before the agency, then he or she is entitled to present such evidence as is necessary before the courts to determine the controversy.

*Furlong*, 189 S.W.3d. at 167.

The key to the classification of a case as contested or noncontested is the requirement for a hearing. *Valley Park*, 273 S.W.3d at 507; *Cade*, 990 S.W.2d at 36. The "law" referred to in the definition of a contested case encompasses any statute, ordinance, or constitutional provision

5

that mandates a hearing. *McCoy*, 145 S.W.3d at 428; *Schlientz v. Rock Township Ambulance Dist.*, 146 S.W.3d 404, 405 (Mo. App. E.D. 2004). Thus, the substantive law outside the MAPA determines a party's right to a hearing. *Id.*

The term "hearing" as used in section 536.010(4) RSMo. 2013)[4] means a proceeding at which a measure of procedural formality is followed. *Valley Park*, 273 S.W.3d at 507. Procedural formalities in contested cases generally include notice of the issues, oral evidence taken upon oath or affirmation, the examination and cross-examination of witnesses, the making of a record, adherence to evidentiary rules, and written decisions including findings of fact and conclusions of law. *Id.*; *Cade*, 990 S.W.2d at 37. The relevant inquiry is not whether the party received a hearing, but whether a statute, ordinance, or constitutional provision required the agency to provide one. *Schlientz*, 146 S.W.3d at 405.

In addition, not every case requiring a hearing is a contested case. *Cade*, 990 S.W.2d at 38. It is not dispositive that the agency held some type of hearing because not all hearings are sufficient to comply with MAPA's requirements and thereby create a contested case. *Wooldridge v. Greene County*, 198 S.W.3d 676, 684 (Mo. App. S.D. 2006). To create a contested case as defined by section 536.010(4) RSMo. (Supp. 2013), the hearing mandated by law must actually determine the legal rights, duties, or privileges of specific parties. *McCoy*, 145 S.W.3d at 428; *Wooldridge*, 198 S.W.3d at 684.

The purpose of conditional-use permits is to provide the City with a procedure for determining the appropriateness of a proposed use that is not authorized as a matter of right by the regulations of the district in which the proposed use will be located. Creve Coeur City Code section 405.1070(A)(1). "The City Council may authorize by ordinance, under prescribed conditions, the construction or undertaking of any conditional use that is expressly permitted as a

---

[4] Previously section 536.010(2) RSMo. (2000).

conditional use in a particular zoning district . . . ." Creve Coeur City Code section 405.1070(A)(2). The Planning and Zoning Commission shall consider applications for conditional-use permits, and decide whether to recommend each application for approval. Creve Coeur City Code section 405.1070(D)(2). Before the Commission makes a decision regarding its recommendation, the city clerk shall set a date for a public hearing before the Commission, and shall take specified steps to notify the public. Creve Coeur City Code section 405.1070(D)(3). The same subsection states that no application for a conditional-use permit may be approved until after such a hearing. *Id.* After receipt of the recommendation of the Planning and Zoning Commission, the City Council shall consider the application for a conditional-use permit, Creve Coeur City Code section 405.1070(D)(4), and shall approve a conditional use only if it finds that the proposed use will meet enumerated criteria, such as complying with other applicable provisions and contributing to and promoting community welfare and convenience, Creve Coeur City Code section 405.1070(E).

The hearing mandated in this case did not meet the formal procedural requirements of a hearing for a contested case. Nothing in City Code section 405.1070 identifies the procedural requirements for conduct of the public hearing and the parties have directed us to no other provision of the city code that so provides. Nothing in City Code section 405.1070 requires that the hearing be conducted on the record, that witnesses give testimony under oath, that witnesses may be examined and cross-examined, that formal rules of evidence be followed, or that the agency render written findings of fact and conclusions of law.

Furthermore, the hearing did not determine the legal rights, duties, or privileges of any party. The City's Planning and Zoning Commission held a public hearing concerning the application for a conditional-use permit for the subject property. The Planning and Zoning

7

Commission then made its recommendation to the City Council. The City Council, not the Planning and Zoning Commission, made the final decision to grant the conditional-use permit for the subject property. Nothing in City Code section 405.1070 requires the City Council to follow the recommendation of the Planning and Zoning Commission, and the parties do not direct us to any such requirement. As such, the public hearing required by City Code section 405.1070(D)(3) did not actually determine the legal rights, duties, or privileges of any party. This determination is essential to create a contested case reviewable by the circuit court under the statutory sections invoked here, sections 536.100 to 536.140. *McCoy*, 145 S.W.3d at 428; *Wooldridge*, 198 S.W.3d at 684.

## Conclusion

For these reasons, we determine that the present case does not qualify as a contested case under the Missouri Administrative Procedures Act. The plaintiffs sought judicial review under sections 536.100 to 536.140, which govern review of contested cases, and the trial court proceeded with its review as though this were a contested case.

But because the case was not a contested one, the trial court had no authority under sections 536.100 to 536.140 to review the decision of the agency on the agency record as a contested case. Therefore, we reverse the judgment, and remand the case to the trial court with directions for the court to dismiss the petition for review for failure to state a claim upon which relief can be granted.

LAWRENCE E. MOONEY, PRESIDING JUDGE

CLIFFORD H. AHRENS, J., and
LISA VAN AMBURG, J., concur.

8