**WINTER BROTHERS MATERIAL COMPANY, Appellant,**

v.

**COUNTY OF ST. LOUIS, Missouri, et al., Respondents.**

**No. ED 104692**

Missouri Court of Appeals,
Eastern District,
**DIVISION FIVE.**

FILED: April 4, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 2017

Gregory F. Hoffmann, Clayton, MO, for appellant.

Peter Krane, Linda Wasserman, Clayton, MO, Jane E. Dueker, Charles F. DuFour, St. Louis, MO, for respondent.

KURT S. ODENWALD, Judge

## Introduction

This appeal stems from the denial by the St. Louis County Council (the "County Council") of the application for a conditional-use permit by Winter Brothers Material Company ("Winter Brothers") to extract sand and gravel from property owned by Winter Brothers. Following the denial of the permit by the County Council, Winter Brothers filed a petition with the circuit court seeking contested-case review of the County Council's decision under Sections 536.100 through 536.140[1] of the Missouri Administrative Procedure Act ("MAPA"). The circuit court reviewed the denial of the conditional-use permit as a contested case under MAPA and upheld the County Council's denial of the permit. Winter Brothers appeals to this Court.

Because the administrative hearing provided by St. Louis County ordinances did not mandate the procedural formalities necessary to establish a contested case under MAPA, the circuit court erred in undertaking review of the County Council's denial of the conditional-use permit as a contested case. Instead, the circuit court was required to review the County Council's decision as a non-contested case under Section 536.150 (RSMo (2000)) of MAPA, which is a fundamentally different judicial review from that of a contested case. Accordingly, we reverse and remand with instructions that the circuit court dismiss Winter Brothers' claim seeking contested-case administrative review, but with further instructions to allow Winter Brothers leave to amend its petition to assert a claim for administrative review of a non-contested case under Section 536.150.

## Factual and Procedural History

Winter Brothers owns 900 acres of land on the west side of the Meramec River. The tract of land contains commercially valuable sand and gravel, A majority of the property (575 of 900 acres) is located in unincorporated St. Louis County.[2] Of the 575 acres located in St. Louis County, 537 acres are in the Meramec River floodplain. These 537 acres are the subject of this dispute. Under the applicable St. Louis County zoning ordinance, sand-and-gravel extraction is allowed only as a conditional use. Winter Brothers applied for a conditional-use permit with the County to allow the extraction of gravel and sand. The St. Louis Planning and Zoning Commission ("Planning Commission") considered Winter Brothers' application. Following a public hearing, the Planning Commission recommended denial of the conditional-use permit. Winter Brothers appealed the denial to the County Council.

---

1. All statutory references are to RSMo (Cum. Supp. 2012), unless otherwise noted.

2. The rest of the property is located within the municipal boundaries of the city of Eureka.

The County Council initially referred Winter Brothers' statement of appeal back to the Planning Commission for reconsideration. The Planning Commission reiterated its recommendation to deny the conditional-use permit. The County Council then referred the appeal to its Public Improvements Committee (the "PIC Committee"). The PIC Committee held another public hearing in which it heard from Winter Brothers, staff of the County Planning Department, and the public. As had occurred before the Planning Commission, persons speaking at the committee meeting spoke on the record, but no witnesses were examined or cross-examined under oath. The PIC Committee recommended that the County Council uphold the Planning Commission's denial of the permit.

Following receipt of the PIC Committee report and recommendation, the County Council, during a regular session, adopted Resolution 6034 denying Winter Brothers' request for a conditional-use permit. The resolution contained findings of fact and also stated the reasons for the County Council's decision to deny the conditional-use permit.

Having exhausted all avenues with St. Louis County, Winter Brothers filed a two-count petition in the circuit court. Count I of its petition sought contested-case review of the County Council's decision to deny the conditional-use permit under Section 536.100. If Count I failed, Count II asserted a claim for inverse condemnation, alleging that the County took Winter Brothers' property for public use without just compensation. The circuit court ordered Count II to be held in abeyance pending a ruling on Count I.

The circuit court entered judgment against Winter Brothers on Count I. The circuit court provided written findings and

conclusions upholding the County Council's denial of the conditional-use permit. Following the process for contested-case review, the circuit court acted as an appellate court by reviewing the record compiled in the administrative proceedings and concluding that substantial evidence supported the County Council's decision to deny the conditional-use permit. The circuit court did not hear evidence or conduct a de novo review of Winter Brothers' application for the conditional-use permit. Although Count II was not resolved, the circuit court certified the judgment on Count I as final and appealable under Rule 74.01(b) [3] by finding "no just reason for delay." Winter Brothers appeals the circuit court's judgment on Count I.

### Discussion

On appeal, Winter Brothers asserts that the County Council's denial of the conditional-use permit was unsupported by substantial evidence, and was arbitrary and capricious. Before we may address the substantive arguments raised by the parties, it is incumbent upon us to resolve two procedural issues. We first must determine if the circuit court properly certified its judgment as final and appealable under Rule 74.01(b). If we find that the judgment is properly appealable, then we must determine if the administrative proceedings conducted by the County Council constituted a contested case. Only then did the circuit court properly engage in contested-case review of the County Council's action under MAPA.

### I. The Circuit Court Judgment May Be Appealed as a Final Judgment.

██ As noted above, the circuit court's judgment did not resolve Count II of Winter Brothers' petition. Normally, court rulings that do not resolve all counts

3. All rule references are to Mo. R. Civ. P. (2016).

of a petition are not deemed final for purposes of appeal. See Boley v. Knowles, 905 S.W.2d 86, 88 (Mo. banc 1995). A final judgment is usually required for appellate review. Absent a final judgment, we must dismiss the appeal. Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997). As a prerequisite to our appellate review, we review the finality of a judgment sua sponte. Id.

Rule 74.01(b) sets forth an exception to the final-judgment rule: Rule 74.01(b) provides that a "court may enter a judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay." The circuit court here certified its judgment on Count I (for administrative review) as final and appealable under Rule 74.01(b), expressly finding that there was no just reason to delay the appeal.

■■■ However, even a partial final judgment certified under Rule 74.01(b) is appealable only if the judgment resolves a distinct "judicial unit." Gibson, 952 S.W.2d at 244. What constitutes a "judicial unit for an appeal" is settled law. A judicial unit exists for purposes of appeal when a trial-court ruling fully resolves a claim. Id. A judicial unit is not resolved when the court makes a "ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." Id. "An order dismissing some of several alternative counts, each stating only one legal theory to recover damages **for the same wrong**, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." Id. (emphasis added). The presence of differing, separate, and distinct transactions or occurrences is necessary to permit a separately appealable judgment, not the presence of differing legal theories or is-

sues presented for recovery on the same claim. Id.

This court previously has held that a count seeking administrative review of a governmental decision under Chapter 536 constitutes a claim separate and apart from a claim seeking damages for the alleged constitutional violation resulting from that decision. See QuikTrip Corp. v. City of St. Louis, 801 S.W.2d 706, 710–11 (Mo. App. E.D. 1990). In QuikTrip, Quik-Trip brought three counts seeking damages and equitable relief from the City of St. Louis for alleged constitutional due-process violations, actionable under 42 U.S.C. § 1983. Id. at 709. In its petition, QuikTrip also included a count seeking administrative review of the City's decision to deny certain demolition and building permit applications under Chapter 536. Id. Applying Rule 74.01(b), this Court held that the count seeking administrative review was a separate and distinct claim from the counts asserting due-process violations under § 1983. Id. at 711. Further, interpreting the predecessor to Rule 74.01(b), this Court in Blackwell v. City of St. Louis held that a claim seeking administrative review of a decision by the Civil Service Commission was "entirely different" from § 1983 counts for damages and injunctive relief stemming from constitutional violations. 726 S.W.2d 760, 764 (Mo. App. E.D. 1987).

QuikTrip and Blackwell are dispositive. Here, Winter Brothers advanced two counts in its petition seeking relief from different wrongs. Count I seeks administrative review of the County Council's denial of its application for a conditional-use permit. Count II seeks damages resulting from the County's inverse condemnation of Winter Brothers' property based on a constitutional due-process violation—taking land for public use without just compensation. Like QuikTrip and Blackwell, the

count for administrative review is an individual claim distinctly separate from the constitutional violation asserted in the other count. Quite simply, these two counts do not seek recovery for the same wrong. See Gibson, 952 S.W.2d at 244. Count I for administrative review asserted that the County Council was wrong in applying the relevant ordinance provisions. Conversely, Count II for inverse condemnation asserted that the County violated Winter Brothers' constitutional rights by taking its property without just compensation. Thus, Count I, being a distinct judicial unit, was properly within the ambit of Rule 74.01(b).

■ Our analysis of the finality of the circuit court's ruling, however, is not over. We still must determine whether the circuit court abused its discretion in finding "no just reason for delay" when allowing the parties to immediately appeal its judgment on Count I. Davis v. Shaw, 306 S.W.3d 628, 630–31 (Mo. App. S.D. 2010). To resolve this issue, our inquiry is whether the circuit court's finding was in the "interest of sound judicial administration." Id. In finding no just reason to delay the appeal, the circuit court determined that an appeal of Winter Brothers' claim for administrative review could possibly dispose of the entire case and eliminate the need for further proceedings on the inverse-condemnation claim. This finding lies firmly within the interest of sound judicial administration because, had we ruled favorably for Winter Brothers in this appeal, the inverse-condemnation claim would have been moot. That result would have saved considerable judicial resources by obviating the need for a trial on Count II. We agree that the circuit court acted soundly within its discretion in certifying this appeal for Count I under Rule 74.01(b).

## II. Circuit Court Improperly Reviewed Winter Brothers' Claim as a Contested Case

Although the circuit court properly certified Winter Brothers' administrative-review claim for appeal under Rule 74.01(b), another procedural issue precludes our review of the merits. Winter Brothers petitioned for review of the County Council's decision as a contested case. The parties proceeded before the circuit court under the parameters of contested-case review. However, the proceedings before the Planning Commission and County Council did not meet the statutory requirements of a contested case. Accordingly, the circuit court was statutorily required to review Winter Brothers' claims under the rules and parameters of a non-contested case.

The St. Louis County Council acts as an administrative agency when deciding upon the issuance of a conditional-use permit. Complete Auto Body & Repair, Inc. v. St. Louis County, 232 S.W.3d 722, 724 (Mo. App. E.D. 2007). Thus, the County Council's decision is reviewable under MAPA. MAPA provides for judicial review in two types of administrative cases: contested (Sections 536.100 to 536.140) and non-contested (Section 536.150). Furlong Companies, Inc. v. City of Kansas City, 189 S.W.3d 157, 165 (Mo. banc 2006). The judicial review provided under MAPA for contested cases and non-contested cases is markedly different.

■ Review of a contested case is a review by the circuit court of the record created before the administrative body. City of Valley Park v. Armstrong, 273 S.W.3d 504, 506 (Mo. banc 2009). The circuit court's inquiry is limited to deciding whether the administrative body's action was unsupported by competent and substantial evidence; was arbitrary, capricious, unreasonable, or an abuse of discretion; was in excess of the agency's

statutory authority or jurisdiction; or otherwise violated the law. See Section 536.140.2 (detailing the circuit court's standard of review in contested cases). Thus, the circuit court functions more as an appellate court reviewing the administrative body's decision based on the agency's record. An aggrieved party can appeal from the circuit court to an appellate court. City of Valley Park, 273 S.W.3d at 506. But again, appellate-court review is similarly limited to a consideration of the administrative body's record. Id. We do not review the record before the circuit court. Id.

■ Conversely, in non-contested cases, the circuit court functions in its more traditional role as a trial court. Non-contested cases do not require formal proceedings, hearings, or a developed record before the administrative body. Id. Accordingly, the circuit court does not review the administrative record, even if there is one. Id. Instead, the circuit court conducts a hearing, de novo, as an original proceeding. Id. The circuit court hears evidence on the merits, makes a record, determines the facts, and decides whether the administrative body's decision was unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involved an abuse of discretion. Id. at 508; see Section 536.150 (detailing the standard of review in non-contested cases). The circuit court need not defer to the agency's credibility determinations nor conform doubtful evidence to the agency's decision. City of Valley Park, 273 S.W.3d at 508. On appeal from a non-contested case, we review the record created by the circuit court. See id.

■ The difference between these two types of administrative proceedings "is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, where-

as in a non-contested case the private litigant tries his or her case to the court." City of Valley Park, 273 S.W.3d at 507. This distinction is critical because it dictates whether the circuit court's review of the administrative agency's action is limited to a review of the administrative body's record or whether the circuit court must conduct its own bench trial, thereby according the parties the benefits and protections of a full evidentiary hearing on the record and pursuant to the formal rules and evidence of civil procedure. Likewise, the distinction affects our review, as it determines whether we look to the administrative body's record or to the circuit court's record on appeal.

■ Winter Brothers sought review of the County Council's decision to deny the conditional-use permit as a contested case under Section 536.100. Section 536.100 allows any person who has exhausted all administrative remedies provided by law and who is aggrieved by the final decision in a contested case to judicial review of the administrative proceedings by the circuit court. Hence, for the circuit court to have statutory *authority* to review the County Council's decision, the administrative proceedings conducted by the County Council first must qualify as a contested case. 450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, 477 S.W.3d 49, 55 (Mo. App. E.D. 2015); see also Sanders v. City of Columbia, 481 S.W.3d 136, 144 (Mo. App. W.D. 2016) (holding that the administrative proceeding was not a contested case and that the circuit court thus lacked *authority* to review the decision under Sections 536.100 to 536.140). The classification of an administrative proceeding as a contested or non-contested case is a question of law that we review de novo. City of Valley Park, 273 S.W.3d at 506.

A. The Council Council's Hearings on Winter Brothers' Application for a Condi-

tional–Use Permit Do Not Qualify as a Contested Case under MAPA.

What is a contested case? MAPA defines a "contested case" as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are **required by law to be determined after [a] hearing**." Section 536.010(4) (emphasis added); see also Furlong, 189 S.W.3d at 165. The "law" that mandates a hearing includes any ordinance, statute, or constitutional provision that provides for a hearing. McCoy v. Caldwell County, 145 S.W.3d 427, 428 (Mo. banc 2004). Thus, we look to the substantive law controlling the governmental body to determine the party's right to a hearing. Id.

Not every proceeding designated as a "hearing" qualifies as a hearing under MAPA. To be deemed a "hearing" under MAPA, the proceeding must embrace a certain degree of procedural formality. City of Valley Park, 273 S.W.3d at 507. These procedural formalities are specified in MAPA, and "generally include: notice of the issues (section 536.067); oral evidence taken upon oath or affirmation and the cross-examination of witnesses (section 536.070); the making of a record (section 536.070); adherence to evidentiary rules (section 536.070); and written decisions including findings of fact and conclusions of law (section 536.090)." Id. The relevant inquiry is not whether the party actually received these procedural formalities at a proceeding, but whether a statute, ordinance, or constitutional provision required the agency to provide such formalities. 450 N. Lindbergh Legal Fund, 477 S.W.3d at 54.

Here, St. Louis County ordinances are the source of "law" requiring a hearing on applications for conditional-use permits. See id. (Creve Coeur's ordinances, which outlined the application process for conditional-use permits, were the "law"). The record before us contains two St. Louis County ordinance provisions outlining the hearing requirement before the County Council. First, Ordinance 1003.181.9(3)(c) provides:

> Before acting on the Conditional Use Permit, the County Council or its Committee on Planning and Zoning shall set the matter for hearing. The County Council shall give written notice of such hearing to the applicant and all other persons who appeared and spoke in opposition to the application at the public hearing before the Planning Commission or to the protestants in the case of a protest. The applicant shall be heard at the hearing. In addition, any other person or persons who, in the discretion of the County Council, will be aggrieved by any decision or action with respect to the Conditional Use Permit may also be heard at the hearing.

Second, Ordinance 1003.181.9(4) provides:

> Following the hearing by the County Council or its Committee on Planning and Zoning on an application, the County Council may affirm, reverse or modify, in whole or in part, any determination of the Planning Commission. An affirmative vote of two-thirds (2/3) of the members of the whole County Council shall be required to reverse or modify any determination of the Planning Commission.

The County's requirements for a hearing are indistinguishable from the hearing requirements at issue in 450 N. Lindbergh Legal Fund. See 477 S.W.3d at 54. There, Creve Coeur's Planning and Zoning Commission also considered applications for conditional-use permits. Id. Similarly, after the Planning and Zoning Commission submitted its recommendation, the Creve Coeur City Council was required to consider the conditional-use permit application and

make a determination. Id. This Court held that the hearing mandated by the Creve Coeur ordinances did not constitute a contested case because, in part,[4] the ordinances did not provide for the procedural formalities mandated in a contested case. Id. Nothing in the ordinances identified the requirements for conducting the hearing. Id. No ordinance required a hearing to be on the record. Id. And no ordinance required witnesses to be examined and cross-examined under oath, or formal evidentiary rules to be followed. Id. Further, the Creve Coeur City Council was not required to render written findings of fact and conclusions of law. Id. Based on these deficiencies, this Court held that the Creve Coeur City Council's decision did not result from a contested case reviewable under Sections 536.100 to 536.140. Id.

Here, the St. Louis County ordinances require a hearing to be held, but the ordinances lack the same procedural formalities that guided our opinion in 450 N. Lindbergh Legal Fund. The ordinances required written notice of the hearing to be given to the applicant and those persons who opposed the permit application at the Planning Commission's hearing. Further, the ordinance required that the applicant be heard at the hearing. Importantly, however, no ordinance required that the hearing be on the record (Section 536.130); that witnesses be under oath, examined, and cross-examined (Section 536.070); that formal rules of evidence be followed (Section 536.070); or that the agency render written findings of fact and conclusions of law (Section 536.090, RSMo (2000)). With-

out a requirement of these procedural formalities, the County Council's denial of Winter Brothers' application for a conditional-use permit did not result from a "hearing" under MAPA. Thus, as was the case in 450 N. Lindbergh Legal Fund, the administrative hearing on the conditional-use permit did not qualify as a contested case, and the circuit court lacked authority to conduct a contested-case administrative review.

Winter Brothers cites Complete Auto Body, 232 S.W.3d at 724–25, for the proposition that the proceedings before the County Council qualified as a contested case. But our Court in Complete Auto Body did not hold that the proceedings in which the St. Louis County Council denied a conditional-use permit constituted a contested case. Notably, the Court in Complete Auto Body did not conduct an independent review as to whether the underlying administrative proceeding met the requirements of a contested case under MAPA, but proceeded on the assumption that the parties were correct when the Court noted, "The parties agree that this was a contested case." Id. No authority was cited to support the parties' claim. Nor did the Court even consider whether the administrative proceeding at issue might have been a non-contested case.

We are not bound by the parties' agreement in Complete Auto Body, and are obligated to independently determine the status of the County Council action based solely upon the statutory mandate of MAPA.[5] The classification of an administrative proceeding as a contested case is

4. The Court also held that the public hearing did not actually determine the legal rights, duties, or privileges of the parties because the ultimate decision maker (the City Council) did not conduct the hearing, the Planning and Zoning Commission did.

5. We acknowledge that St. Louis County did not object to the contested-case review petitioned by Winter Brothers and conducted by the circuit court. Similar to Complete Auto Body, all parties voluntarily proceeded with the limited contested-case review without any inquiry as to the appropriate standard of review.

defined by statute. As explained above, post–Complete Auto Body cases make clear that the circuit court has authority under Sections 536.100 to 536.140 to review only administrative proceedings that meet the statutory threshold of being a contested case. See 450 N. Lindbergh Legal Fund, 477 S.W.3d at 55; Sanders, 481 S.W.3d at 144. Otherwise, the circuit court's review is de novo under Section 536.150. Accordingly, we will not assume in this case that contested-case review by the circuit court was proper.

We acknowledge that the proceedings before the County Council included some, but not all, of the required procedural formalities.[6] More importantly, our review is not of what transpired at the administrative proceeding, but what the law requires for that proceeding. 450 N. Lindbergh Legal Fund, 477 S.W.3d at 54. Here, the applicable law setting forth the procedural requirements for the hearing on an application for a conditional-use permit is the County ordinances.

Because St. Louis County's procedure[7] for considering applications for conditional-use permits does not qualify as a contested case under MAPA, the administrative hearing constituted a non-contested case instead. See Sanders, 481 S.W.3d at 145. Our holding that the circuit court lacks statutory authority to review the County Council's decision as a contested case under Sections 536.100 to 536.140 does not preclude permit applicants like Winter Brothers from seeking judicial review of the County Council's denial of the conditional-use permit. But Winter Brothers should have petitioned for non-contested-case review under Section 536.150, rather than contested-case review under Sections 536.100 to 536.140. See City of Valley Park, 273 S.W.3d at 506–07; Furlong, 189 S.W.3d at 165.

B. The Remedy

 Because the circuit court lacked authority to review Winter Brothers' petition as a contested case, its judgment is void. Confronted with similar facts, our Court in 450 N. Lindbergh Legal Fund reversed the circuit court's judgment and remanded the matter with instructions for the circuit court to dismiss the petition for failure to state a claim on which relief could be granted. 477 S.W.3d at 55. Similarly here, Winter Brothers' count seeking contested-case review of the County Council's denial of its permit application must be dismissed for failure to state a claim. But there is an important distinction between the matter before us and 450 N. Lindbergh Legal Fund. Unlike here, the defendants in 450 N. Lindbergh Legal Fund challenged the contested-case review sought by the plaintiff by pleading an affirmative defense that Sections 536.100 to 536.140, the statutes under which 450 N. Lindbergh Legal Fund sought judicial review, did not apply.

The Western District in Sanders recently addressed the same legal issues present here. See 481 S.W.3d at 145. After holding

6. For example, notice of the public hearing appears to have been given, and the Public Improvement Committee's hearing was on the record. And the County Council issued a resolution, which might qualify as written findings of fact and conclusions of law. However, the procedural formalities of direct and cross-examination and evidentiary rules were noticeably absent from the hearing on Winter Brothers' permit application.

7. St. Louis County may establish, by ordinance, any procedure it chooses for reviewing applications for conditional-use permits (within the bounds of applicable law). Our holding clarifies the level of review afforded to Winter Brothers before the circuit court under the current County law; it has no effect on the County's ability to revise those ordinances or procedures.

that the hearing conducted by the city of Columbia's Personnel Advisory Board regarding an employee termination did not qualify as a contested case, Sanders reversed the circuit court's judgment. Id. at 144–45. Instead of instructing the circuit court to dismiss the cause of action for failure to state a claim, the Western District remanded the matter to the circuit court with instructions to review the matter as a non-contested case under Section 536.150. Id. at 145. Although not stated explicitly, the Sanders remedy necessarily allowed the plaintiff to amend the original petition to assert a claim for administrative review of a non-contested case.

Here, the parties consented to contested-case review. No affirmative defense or other objection was raised by St. Louis County, either at trial or during the appeal, that contested-case review under Sections 536.100 to 536.140 was inappropriate or legal error. Moreover, Winter Brothers alleged a claim of inverse condemnation against St. Louis County, which remains pending before the circuit court. Given these facts, we are reluctant to deprive Winter Brothers the opportunity to seek non-contested-case review of the County's denial of its application for a conditional-use permit, as was its statutory right.

Accordingly, we reverse and remand with instructions to the circuit court to dismiss Count I, which seeks contested-case review under Section 536.100 to 536.140, for failure to state a claim on which relief should be granted. See 450 N. Lindbergh Legal Fund, 477 S.W.3d at 55. We further instruct the circuit court to issue an order granting Winter Brothers leave to amend Count I of its petition, within thirty days from the date of said order, to assert a claim for review of the County Council's denial of the application for a conditional-use permit as a non-contested case under Section 536.150. The cir-

cuit court should then review, de novo, the County Council's decision as a non-contested case. See Sanders, 481 S.W.3d at 145. Because a full evidentiary trial is required for Count I, efficient use of judicial resources suggests that the circuit court also proceed with Count II. Should Winter Brothers decline to amend its petition with regard to Count I, the circuit court need only resolve Count II of the original petition.

### Conclusion

The judgment of the circuit court is reversed and the case is remanded with instructions. The circuit court should conduct further proceedings consistent with this opinion.

Philip M. Hess, C.J., concurs.

Lawrence E. Mooney, J., concurs.,