

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

MICHAEL HOLDEN, )
           Respondent, )
            )
v. )  WD82506
            )
DEPARTMENT OF COMMERCE )  FILED: December 10, 2019
AND INSURANCE f/k/a )
DEPARTMENT OF INSURANCE, )
FINANCIAL INSTITUTIONS AND )
PROFESSIONAL )
REGISTRATION, )
           Appellant. )

**Appeal from the Circuit Court of Cole County**
**The Honorable Jon E. Beetem, Judge**

**Before Division 1: Thomas H. Newton, P.J. and**
**Alok Ahuja and Thomas N. Chapman, JJ.**

The Director of the Department of Commerce and Insurance (the "Department") issued an order refusing to license Michael Holden as a non-resident title insurance producer.[1] Holden petitioned for review of the Department's decision by the Administrative Hearing Commission (the "AHC" or "Commission"). After the AHC upheld the Department's decision, Holden petitioned the Circuit Court of Cole County for judicial review. His petition alleged that the licensing proceeding constituted a "contested case" which was reviewable under § 536.100.[2] The circuit

---

[1] The Department was formerly known as the Department of Insurance, Financial Institutions and Professional Registration.

[2] Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated through the 2018 Cumulative Supplement.

court reviewed the licensing decision based on the record created before the Commission. Based on that record, and the briefing and oral argument of the parties, the circuit court found the AHC's decision was arbitrary and capricious, unauthorized by law, and violated Holden's due process rights. The circuit court remanded the case to the AHC for further proceedings. The Department appeals.

We conclude that the licensing proceeding at issue here is properly characterized as a non-contested case; it is not subject to judicial review as a contested case. Because the characterization of the proceeding as contested or non-contested fundamentally alters the procedures for judicial review in the circuit court and on appeal, we vacate the circuit court's judgment, and remand the case to the circuit court with instructions that it grant Holden leave to amend his petition to seek review of a non-contested case pursuant to § 536.150.

**Factual Background**

Michael Holden was a licensed Missouri insurance agent from 1990 to January 1, 2003, when his license was converted to a title insurance producer license. Holden's insurance producer license remained active until he cancelled or surrendered it in 2008.

On May 4, 2009, Holden submitted an application with the Department for a non-resident title insurance producer license (at that time, Holden was residing in South Dakota). The Department issued an order refusing Holden a license. The Department found that Holden's application had failed to disclose his past employment as President of Guaranty Land Title Insurance, Inc., and had failed to disclose three voluntary forfeiture agreements Guaranty entered into when Holden was employed by Guaranty (two of which he signed as its President). The Department also found that Holden had violated state law by transacting business as an insurance producer without a license in 2008 and 2009.

2

Holden appealed the Department's order concerning his 2009 application to the AHC.  The Commission found that the Department had cause to deny Holden's 2009 application under § 375.141.1(1) and (2), on the basis that Holden had previously violated state law, and that he had intentionally provided materially incorrect, misleading, incomplete, or untrue information in the application.  Holden sought judicial review of the AHC's decision in the Circuit Court of Cole County, which affirmed.  Holden then unsuccessfully appealed to this Court.  *Holden v. Dir. of Dep't of Ins., Fin. Institutions & Prof'l Registration*, No. WD77955, 470 S.W.3d 390 (Mo. App. W.D. Sept. 8, 2015) (*mem.*).

While Holden's appeal concerning his 2009 application was pending in this Court, he submitted a second application to the Department for the same non-resident title insurance producer license in October 2014.  Unlike his 2009 application, Holden's 2014 application disclosed his previous employment as President of Guaranty Land Title Insurance from 1990 to 2008, as well as the three voluntary forfeiture agreements cited by the Department and AHC in denying the 2009 application.  The 2014 application also reported information concerning Holden's work in the insurance industry since 2009.

Notwithstanding the updated information and additional disclosures in the 2014 application, the Department again refused to issue Holden a non-resident title insurance producer license.  In denying the 2014 application, the Department relied on the same underlying grounds that supported its earlier license denial:  that Holden had intentionally provided materially incorrect, misleading, incomplete, or untrue information in the 2009 application; that he had attempted to obtain a license in 2009 through material misrepresentation or fraud, due to his non-disclosure of his full employment history and the voluntary forfeiture agreements; and that he had violated state insurance law by acting as an insurance producer without a license.

3

Holden again sought review by the AHC. The Department filed a motion for summary decision, arguing that the uncontested facts showed that it had cause to deny Holden's 2014 application. Holden responded by arguing that the Department was required to decide whether to grant or deny the 2014 application based on the merits of the 2014 application itself, and that the factual findings supporting the Department's denial of the 2009 application could not provide cause to deny the 2014 application, at least without consideration of intervening events.

The AHC granted the Department's motion for summary decision, and found that the Department had cause to deny Holden's 2014 application. The AHC concluded that collateral estoppel applied because the issues raised were the same as those litigated in connection with Holden's 2009 application. According to the Commission, the findings from the 2009 proceeding established that: (1) Holden had intentionally provided materially incorrect, misleading, incomplete, or untrue information in his 2009 application by misrepresenting his employment history and by failing to disclose several voluntary forfeiture agreements; and (2) Holden violated state insurance law in 2008 and 2009 by acting as an insurance producer without a license. The AHC concluded that, under these established facts, the Director had cause to refuse Holden a license under § 375.141.1(1) and (2).

Holden filed a petition for judicial review in the Circuit Court of Cole County. The petition requested review of a contested case pursuant to § 536.100. As is typical in review proceedings involving contested cases, the circuit court considered the case on the record developed before the AHC, and took no additional evidence. The circuit court entered its judgment on December 26, 2018. The judgment found:

> The gravamen of [Holden]'s complaint is that the [Department] sought and the AHC sustained a denial of [Holden]'s second application for an Individual Insurance Producer License without consideration of [Holden]'s conduct and potential rehabilitation since the denial of his 2009 application. In that the relevant statutes authorize neither a lifetime ban nor prohibit successive applications, the decision to do so

4

was arbitrary and capricious, unauthorized by law and violated Mr. Holden's constitutional rights to due process.

The circuit court held that a denial of an application for licensure "must be made on the current facts and circumstances." The circuit court remanded to the AHC "to conduct a hearing on [Holden]'s 2014 application and to consider evidence of [Holden]'s conduct and potential rehabilitation since the denial of his 2009 application."

The Department appeals.

**Discussion**

On appeal, Holden argues (as he did in the circuit court) that the denial of his license application is arbitrary, capricious, unsupported by substantial and competent evidence, unauthorized by law, and in violation of his constitutional rights to due process and equal protection of the laws. Holden's essential complaint is that the Department denied him a license based solely on the grounds that justified the denial of his 2009 license application, without considering any of the additional or new information supporting his 2014 application. Holden argues that, by relying solely on the grounds underlying the 2009 denial, the Department has effectively subjected him to a lifetime ban, without regard to any additional information or subsequent circumstances which may support a later application.

Besides responding to the merits of Holden's claims, the Department argues that we must vacate the circuit court's decision because the court lacked statutory authority to review the administrative decision as a contested case. We agree.

For purposes of judicial review, the Missouri Administrative Procedure Act classifies administrative proceedings as either "contested" or "non-contested" cases. *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. 2006). The Act defines a contested case as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after

5

hearing." § 536.010(4). While the Act does not define non-contested cases, the Missouri Supreme Court has clarified that non-contested cases are simply those that involve agency decisions that are "not required by law to be determined after a hearing." *Furlong*, 189 S.W.3d at 165 (citing *State ex rel. Wilson Chevrolet, Inc. v. Wilson*, 332 S.W.2d 867, 870 (Mo. 1960)); *see State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468, 471 (Mo. 2018). Whether a case is "contested" or "non-contested" is "determined as a matter of law." *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506 (Mo. 2009) (citation omitted).

Circuit courts have jurisdiction to conduct judicial review of both contested and non-contested cases. *See Nowden v. Div. of Alcohol & Tobacco Control*, 552 S.W.3d 114, 118 n.3 (Mo. 2018). However, the standard of review, record, and procedures under which a circuit court conducts its review differ significantly, depending on whether the case is "contested" or "non-contested."

> Contested case review is controlled by sections 536.100 to 536.140. Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law. The review of a contested case is a review by the trial court of the record created before the administrative body. § 536.140. The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body.

> Non-contested cases do not require formal proceedings or hearings before the administrative body. As such, there is no record required for review. In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision. Under the procedures of section 536.150, the circuit court conducts such a hearing as an original action. § 536.150.1.

> In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision. The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court.

6

*City of Valley Park*, 273 S.W.3d at 506–07 (quoting *Furlong Cos.*, 189 S.W.3d at 165; citations omitted).

Like proceedings in the circuit court, "appellate review of contested and noncontested cases are governed by different standards." *Sanders v. City of Columbia*, 481 S.W.3d 136, 144 n.7 (Mo. App. W.D. 2016). On appeal of a circuit court decision involving a *non-contested* case,

> we review the judgment of the circuit court, rather than the decision of the administrative agency . . . and we will affirm the decision of the trial court unless it is not supported by substantial and competent evidence, is against the weight of the evidence, or erroneously declares or applies the law.

*Id.* (quoting *State ex rel. Christian Health Care of Springfield, Inc. v. Mo. Dep't of Health & Senior Servs.*, 229 S.W.3d 270, 275 (Mo. App. W.D. 2007) (internal citation omitted)). On the other hand, where the underlying agency proceeding is a *contested* case, we

> review[ ] the findings of fact and conclusions of law of the agency, not the judgment of the circuit court[,] . . . [and] [t]he agency's decision will be affirmed if the findings are supported by competent and substantial evidence in the record.

*Id.* (citing *Ehler v. Mo. State Hwy. Patrol*, 254 S.W.3d 99, 100–01 (Mo. App. W.D. 2008)).

Holden challenges the Department's order refusing to issue him a non-resident title insurance producer license. He petitioned for judicial review in the circuit court pursuant to § 536.100, the provision governing review of contested cases. The circuit court proceeded with contested-case review procedures, considering the licensing decision on the basis of the record developed before the AHC, without taking any additional evidence, and without making its own independent factual determinations.

The licensing decision Holden challenges was made in a non-contested case, however. The relevant statutory provisions do not require that the Department

7

hold formal hearings before making its licensing decisions. Under § 375.141.1, the Department "may suspend, revoke, refuse to issue or refuse to renew an insurance producer license for any one or more of" fourteen enumerated causes. Section 375.141.2 requires that, when the Department denies a license application, it must "notify the applicant . . . in writing and advise the applicant . . . of the reason for the denial." The statutory scheme does not require any formal proceedings before the Department makes its final licensing decision.

We recognize that § 374.051 requires the AHC to hold a hearing when a disappointed applicant seeks review of the Department's refusal to issue a license. Section 374.051.1 provides:

> Any applicant refused a license or the renewal of a license by order of the director under sections 374.755, 374.787, and 375.141 may file a petition with the administrative hearing commission alleging that the director has refused the license. The administrative hearing commission shall conduct hearings and make findings of fact and conclusions of law in determining whether the applicant may be disqualified by statute.

The final sentence of § 374.051.1 provides, however, that "[n]otwithstanding section 621.120, the director shall retain discretion in refusing a license or renewal and such discretion shall not transfer to the administrative hearing commission."

In *State ex rel. Robison v. Lindley-Myers*, 551 S.W.3d 468 (Mo. 2018), the Missouri Supreme Court held that the final sentence of § 374.051.1 made the relevant licensing decisions non-contested cases, because the ultimate discretion as to whether or not to issue a license remained with the Department, despite the filing of a review petition with the AHC.

> As this Court has held, when a proceeding is merely advisory and does not bind the decision-maker "to any gauge or criteria," then the administrative proceeding or hearing does not make the matter a contested case, and review does not fall under § 536.100. Because the director retained her discretion to refuse Robison's license renewal even if Robison had pursued his administrative remedy, this is a non-contested case governed by § 536.150.

8

*Id.* at 472 (citing *McCoy v. Caldwell Cnty.*, 145 S.W.3d 427, 428–29 (Mo. 2004); *Kunzie v. City of Olivette*, 184 S.W.3d 570, 572–73 (Mo. 2006)); *see also, e.g., Nowden v. Div. of Alcohol & Tobacco Control*, 552 S.W.3d 114, 117–18 (Mo. 2018); *Sanders*, 481 S.W.3d at 144 (personnel matter was a "non-contested" case because the city manager "was not limited (by the City Code) in any manner by the evidence adduced at the . . . hearing prior to the City Manager's final involvement and decision"); *450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur*, 477 S.W.3d 49, 54 (Mo. App. E.D. 2015).

Under § 375.141, the Department was authorized to make its licensing decision "without any requirement of an adversarial hearing at which a[ny] measure of procedural formality is followed." *THF Chesterfield N. Dev., LLC v. City of Chesterfield*, 106 S.W.3d 13, 18 (Mo. App. E.D. 2003) (citation omitted). Moreover, under the final sentence of § 374.051.1, "the director retained her discretion to refuse [Holden]'s license . . . even if [Holden] had pursued his administrative remedy." *Robison*, 551 S.W.3d at 472. The Supreme Court has characterized the proceedings before the AHC as "merely advisory." *Id.* Accordingly, "this is a non-contested case governed by § 536.150." *Id.*

Holden argues that this Court cannot consider the Department's argument that the agency proceeding was a non-contested case, because the Department failed to raise the issue before the circuit court. Holden is correct that, generally speaking, "[i]ssues raised for the first time on appeal are not preserved for appellate review." *Heifetz v. Apex Clayton, Inc.*, 554 S.W.3d 389, 397 n.10 (Mo. 2018) (citation omitted). As Holden correctly points out, whether the circuit court had authority under § 536.100 to review the Department's licensing decision as a contested case is not a question of subject matter jurisdiction, but is instead a question of "statutory authority." *See Nowden*, 552 S.W.3d at 118 n.3. Normally, such non-jurisdictional issues are waived if not first raised in the circuit court.

9

The characterization of the licensing proceeding as contested or non-contested does not merely affect the procedures required before the agency or in the circuit court, however. Instead, the proper characterization of the underlying agency proceeding as contested or non-contested affects the manner in which this Court conducts its review on appeal. The choice of <u>what decision</u> we review, on <u>what record</u>, and under <u>what standard</u>, are all dictated by the nature of the underlying administrative proceeding. Thus, characterizing the underlying licensing proceeding as contested or non-contested is not so much a question of addressing an unpreserved claim of error, as it is a matter of selecting the correct mode of appellate review. In order to properly perform our appellate function in a judicial review proceeding, we must first determine whether the underlying administrative case was contested or non-contested, even if that issue has not been properly preserved and presented in the circuit court, or on appeal. Prior cases have addressed whether an administrative proceeding was properly characterized as a contested case even though the issue was not raised below (and in at least one case, was first raised by this Court *sua sponte*). *See Winter Bros. Material Co. v. Cnty. of St. Louis*, 518 S.W.3d 245, 256 (Mo. App. E.D. 2017); *Sanders*, 481 S.W.3d at 144; *450 N. Lindbergh*, 477 S.W.3d at 51 n.2.

In this non-contested case, we would normally review the findings of fact made by the circuit court, based on the record developed there, and the circuit court's decision as to whether *the Department* acted unlawfully in denying Holden's 2014 license application. Because of the manner in which Holden characterized the underlying administrative action, however, the circuit court made no factual findings and created no evidentiary record, and decided only whether *the Administrative Hearing Commission* had acted arbitrarily and capriciously (in a proceeding which the Supreme Court has now characterized as "merely advisory").

10

Given that Holden chose how to frame his petition, and chose to invoke the wrong procedures for judicial review, we would be justified in vacating the circuit court's decision, and remanding to that court with instructions that it dismiss Holden's petition for failure to state a claim on which relief can be granted. *See 450 N. Lindbergh*, 477 S.W.3d at 55. In this case, however, both parties proceeded in the circuit court as if the agency proceeding was a contested case, and the Supreme Court's *Robison* decision clarifying the status of the licensing proceeding was not issued until the date the case was argued and submitted to the circuit court for decision. In these circumstances, and in light of the fact that a petition for judicial review in a non-contested case needs only to be filed within a reasonable time,[3] we direct the circuit court on remand to permit Holden to amend his petition to seek judicial review of the Department's licensing decision under non-contested case procedures. *See Winter Bros.*, 518 S.W.3d at 255–56 (ordering this disposition in similar circumstances); *Sanders*, 481 S.W.3d at 145 & n.8 (same); *see generally George Ward Builders, Inc. v. City of Lee's Summit*, 157 S.W.3d 644, 651 (Mo. App. W.D. 2004) (noting appellate court's authority to "give[ ] plaintiffs, who have misconceived the law, the opportunity to amend their pleadings when equity and fairness requires it").

## Conclusion

The judgment of the circuit court is reversed, and the case is remanded to the circuit court with instructions that it permit Holden leave to amend his petition to seek judicial review under non-contested case procedures, and that it conduct further appropriate proceedings thereafter.

---

[3]     *See State ex rel. Martin-Erb v. Mo. Comm'n on Human Rights*, 77 S.W.3d 600, 609 (Mo. 2002) (citing *Hagely v. Bd. of Educ. of Webster Groves School Dist.*, 841 S.W.2d 663, 669, 670 (Mo. 1992); other citation omitted); *Wooldridge v. Greene Cnty.*, 198 S.W.3d 676, 683 (Mo. App. S.D. 2006).

11

_____

Alok Ahuja, Judge

All concur.