STATE of Missouri ex rel. John H. FREEZE and Patricia J. Freeze, his wife, Relators-Respondents,

v.

CITY OF CAPE GIRARDEAU et al., Respondents-Appellants.

No. 35929.

Missouri Court of Appeals, St. Louis District, Division 1.

April 29, 1975.

**124**

Thomas M. Utterback, City Atty., Cape Girardeau, for respondents-appellants.

Limbaugh, Limbaugh & Russell, Richard D. Kinder, Cape Girardeau, for relators-respondents.

RENDLEN, Judge.

The City of Cape Girardeau and individually named city employees[1] appeal from

writ of mandamus made absolute by the Cape Girardeau Court of Common Pleas on December 28, 1973, commanding appellants to issue a building permit to respondents (relators below) for construction of a service station and car wash on their property in the city. The cause was submitted on an agreed statement of facts. We affirm.

In 1968 respondents' property had been zoned as a C–1 district and under that classification respondents in 1971 filed a proper application for a building permit to erect a service station and car wash. The application was refused solely because the city had shortly before (on February 17, 1971) adopted City Manager Form Ordinance No. 555 (hereinafter referred to as Ordinance 555) requiring a *special use permit* as prerequisite to the building permit. Thereafter respondents sought mandamus requiring issuance of the building permit and alleging the statutory notice and title to the ordinance were defective, thus invalidating Ordinance 555 as to respondents.

The parties filed their stipulation of facts and the alternative writ was made absolute December 28, 1973.

By its judgment the court directed issuance of the building permit and held Ordinance 555 void as to:

". . . all land within the city limits of Cape Girardeau, Missouri, except that portion set forth by legal description in a notice published on February 1, 8 and 15, 1971, as set forth in Exhibit 'B' to relators['] petition. Costs assessed against defendants."

From this order the appeal is taken.

In support of the judgment, respondents contend Ordinance 555 was void as to their property for lack of proper notice as required by sections 89.050 and 89.060,[2] whereas appellants contend the notice suf-

---

1. The city employees named in their official capacities were the building inspector, the city engineer and the city manager.

2. All references are to RSMo 1969, V.A.M.S., unless otherwise stated.

ficient and that the court erred in making the writ absolute. The published notice did not include that part of the city in which respondents' land is located. Under the provisions of § 89.050 the legislative body (City Council of Cape Girardeau) is authorized to provide the manner for adopting zoning regulations within the city, on condition however:

". . . no such regulation, restriction, or boundary shall become effective until after a *public hearing in relation thereto*, at which *parties in interest* and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of *such* hearing shall be published in an official paper or a paper of general circulation in such municipality." (Emphasis ours.)

Section 89.060 provides that while such zoning regulations and restrictions may be amended or changed, in case of signed, acknowledged protest against any such change by the owners of ten per cent or more, either of the *areas of the land* included in such proposed change,

". . . such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality. The provisions of section 89.050 relative to public hearing and official notice shall apply equally to *all changes or amendments*." (Emphasis ours.)

Proper notice and public hearing are vital steps in the municipal legislative process for zoning changes. Moreover, the statute provides that owners of ten per cent of the areas of the land included in any proposed change [3] may lodge sworn protest, in which

event the change can be effectuated only by favorable vote of *three-fourths of all* the members of the legislative body of such municipality. This jurisdictional notice is not merely to advise affected parties of changes that will or might occur, but is an indispensable step in the process by which "parties in interest" may profoundly affect the legislative course of such ordinance. Further, it permits interested citizens an opportunity to furnish the municipality relevant information to prevent improvident changes.

Notice was published during February, 1971, in a local newspaper, properly in advance of the February 17th City Council meeting. Paragraphs one and two of the notice advised a meeting would be held on Wednesday, February 17, 1971, for the purpose of reenacting the present District Map and clarifying existing zoning, and that any action by the council was not to change but was for the purpose of "clarifying and reaffirming all of the zoning which presently exists." [4] From this respondents could be assured the proposed action would not affect their interests except that the act of "clarifying or reaffirming" might resolve clerical errors, grammatical problems or superficial ambiguities in the existing ordinance. In the third paragraph the notice directed attention to separate specific acts contemplated by the council, quite different from the act of reaffirming existing zoning. That separate third paragraph stated:

"The City Council will *also consider amendments and changes* in the existing zoning regulations of the City *including the following*: . . ." (Emphasis ours.)

3. Notice is also required for owners in adjacent areas up to one hundred eighty-five feet from the boundaries of the affected land.

4. Paragraphs one and two of the published notice were as follows:

"Notice is hereby given that the City of Cape Girardeau, Missouri, at a meeting to be held on Wednesday February 17, 1971, at 7:30 p. m., will repeal and re-enact the 'Dis-

trict Map' for purposes of clarifying the zoning which presently exists in the City of Cape Girardeau, Missouri."

"Said action with respect to the 'District Map' will not change the present zoning of land within the City of Cape Girardeau, Missouri, but is for purposes of clarifying and re-affirming all of the zoning which presently exists."

There followed a metes and bounds description of the land involved. It is admitted the description included only part of the city and excluded a substantial portion, especially that where respondents' land is located. The property described is an area added to the city by annexation in 1968 and none other. Respondents were in effect advised that any modification or amendment to existing zoning regulations would not concern their property and could reasonably believe that only the recently annexed portion of the city was subject to change.

The requirements of notice and hearing are mandatory for validity of an amending ordinance, Wippler v. Hohn, et al., 341 Mo. 780, 110 S.W.2d 409, 411 (1937), and ordinances passed in contravention thereof are void. If the city intended to change existing zoning ordinances relating to the entire city, it should have so declared in the published notice.

The appellate court of Illinois, second district, in Kirk v. Village of Hillcrest, 15 Ill.App.3d 45, 304 N.E.2d 452 (1973), declared invalid a zoning ordinance enacted by the board of trustees of the village changing classification of lots in Subdivision *Five* under a published notice referring to lots located in Subdivision *Six*. The applicable Illinois statutes require (as do the corresponding Missouri statutes) timely notice and hearing of proposed changes in zoning ordinances. Holding the error in the notice fatal, the court stated at 454:

"The notice is mandatory, jurisdictional and must correctly describe the subject property, otherwise any attempted amendment will be invalid."

The notice has been described as a "warning" to those to be affected, and such notice should be unambiguous "to the end that adequate warning be given to all persons whose rights may be affected by [the] action of the local board." Brachfeld v. Sforza, 114 N.Y.S.2d 722, 725 (Sup.

1952). "Changes in zoning ordinances affect property rights, and the provisions as to a notice of hearing must be strictly complied with." Brachfeld, *supra* at 725. Similarly, the New York court in Palmer v. Mann, 206 App.Div. 484, 201 N.Y.S. 525, 528 (1923), affirmed at 237 N.Y. 616, 143 N.E. 765 (1923), stated:

"[W]hen a statute requires a notice to be given to the public, such a notice should fairly be given the meaning it would reflect upon the mind of the ordinary layman, and not as it would be construed by one familiar with the technicalities solely applicable to the laws and rules of the zoning commission. Otherwise such a notice, instead of informing, would actually mislead, the public, including the persons immediately interested. . . . It is, at least, not too much to ask that any *ambiguity* in the notice to the public of so important a change, which is the only notice that the public has, should be *resolved against* the notice." (Emphasis ours.) 201 N.Y.S. at 528.

We are not impressed with appellants' argument that few if any read the published notice and we find the notice here did not include respondents' property nor affect their rights therein. The trial court correctly concluded Ordinance 555 was void as to respondents and no bar to issuance of the requested permit.

Appellants filed with their brief a printed appendix purporting to be Ordinance 873, entitled "An Ordinance reaffirming and reenacting City Manager Form Ordinance No. 555 in order to cure an alleged inadequate notice and amending Chapter 30 of the Code of Ordinances, of the City of Cape Girardeau, Missouri, by striking therefrom certain sections and reenacting new sections in lieu thereof . . ." Appellants also filed here a photocopy of an affidavit purporting to be that of the city clerk stating the attached exhibit is "a true and correct copy" of Ordinance 873 passed and approved March 6, 1974. No

seal of the city is embossed or annexed but the word seal has been typed on the page. They urge that Ordinance 873, enacted in 1974 subsequent to the judgment commanding issuance of the permit, be given present application by this court, including its provision requiring a special use permit as prerequisite to the building permit for respondents, and that the infirmities of Ordinance 555 have been corrected, making the issues here moot. Koch v. Board of Regents of Northwest Missouri State College, 265 S.W.2d 421 (Mo.App.1954).

 As a general rule municipal ordinances are not judicially noticed by appellate courts, McIntosh v. City of Joplin, 486 S.W.2d 287 (Mo.App.1972), rather, "their existence and contents must be proven like any other fact", Murray v. Wells, 17 S.W. 2d 613 (Mo.App.1929).

This court may not consider any matters not set forth in the approved transcript. State v. Galeener, 402 S.W.2d 336, 342 (Mo.1966) ; State ex rel. State Highway Commission v. Parker, 388 S.W.2d 830, 832 (Mo.1965). Appellants' offer of proof on appeal (i. e., the printed affidavit and Ordinance 873 attached as an appendix to their brief and the photocopy of the affidavit accompanying the original typewritten brief filed herein) is challenged by respondents who contend as follows:

"Appellants have cited no authority by which they can prove alleged facts which are not contained within the transcript on record. Therefore, Appellants' inclusion of the statements that Ordinance No. 555 was re-enacted as City Manager Form Ordinance No. 873 after the Court of Common Pleas' decision in favor of Respondents, was improper. Further, the validity of Ordinance No. 873 itself may be subject to attack."

Appellants made no effort to raise the issue of mootness by motion as suggested in Koch v. Board of Regents of Northwest Missouri State College, *supra*,

265 S.W.2d at 425. The affidavits and copy of the ordinance filed here following filing of the transcript were not stipulated by the parties and were not ordered or directed by the trial court nor by this court under the provisions of § 512.110 or Supreme Court Rule 81.12, V.A.M.R., relating to corrections or omissions and filings of supplemental transcripts. Under these circumstances we cannot consider such affidavits nor the purported Ordinance 873, Harms v. Simkin, 322 S.W.2d 930, 932 (Mo.App.1959), and appellants' offer of proof on this appeal is denied.

The judgment of the trial court is affirmed.

WEIER, P. J. and DOWD, J., concur.