**In the Matter of Jenny and Thomas WRIGHT, husband and wife, Vehicle: 2005 Cadillac Escalade ESV, VIN: 3GYFK66N85G210370, Petitioners–Respondents,**

v.

**Director of Revenue, State of Missouri, Respondent–Appellant.**

No. SD 32203.

Missouri Court of Appeals, Southern District, Division One.

May 15, 2013.

Chris Koster, Atty. Gen., James R. Layton, Jefferson City, MO, for Appellant.

John M. Albright, Daniel T. Moore, Poplar Bluff, MO, for Respondents.

NANCY STEFFEN RAHMEYER, J.

The Wrights applied to the Missouri Department of Revenue ("the Department") in early April 2012, for a Missouri salvage title for a 2005 Cadillac Escalade. The Escalade had a Kentucky "rebuilt vehicle" title that was issued in February 2012. The Wrights withdrew their application when the Department sent a letter stating their application could not be processed because the vehicle was issued a junking certificate on June 23, 2011, by the State of Arkansas and, as such, the only options were to have a junking certificate issued in Missouri or to have the Wrights submitted documentation returned to them. The Wrights filed suit in the circuit court requesting the court order "that the Missouri Department of Revenue issue a prior salvage title" for the Escalade. The circuit court denied the Director of Revenue's motion to dismiss the suit, and entered judgment for the Wrights ordering "that the Director of Revenue issue a salvage title to" the Wrights for the Escalade. We reverse and remand.

At issue is the authority of the circuit court to order the relief requested by the Wrights. On April 12, 2012, the Department sent the Wrights a written communication on Form 4055. The letter advised the Wrights that their application could not be processed because:

[T]he above referenced vehicle was issued a junking certificate on June 23, 2011, by the State of Arkansas. When a junking certificate has issued, the vehicle may be used for parts only and cannot be repaired or restored for use on Missouri highways. Please complete and return this letter informing the Department to issue a junking certificate to you or return the submitted documentation.

The communication gave the Wrights the option of requesting a Missouri "junking certificate," or withdrawing their application but did not contain a notice of the Wrights' right to appeal the Department's finding or decision to the Administrative Hearing Commission as required by section 621.050.1.[1]

The Wrights subsequently withdrew their application for a Missouri salvage title, and, on May 30, 2012, filed suit in circuit court requesting the court order "that the Missouri Department of Revenue issue a prior salvage title" for the Escalade. The Director answered, and also requested that the circuit court dismiss the suit because the Wrights failed to exhaust their administrative remedy before the Administrative Hearing Commission. The circuit court twice denied the Director's motion to dismiss and, following a hearing, entered judgment for the Wrights ordering "that the Director of Revenue issue a salvage title to" the Wrights for the Escalade.

In the Director's sole point relied on, the Director claims that the circuit court lacked authority to enter judgment ordering the Director to issue a salvage title because the Administrative Hearing Commission has exclusive authority to

---

1. All references to statutes are to RSMo 2000, unless specified otherwise.
In a letter dated August 2, 2012, after the suit was filed in the circuit court, the Department again informed the Wrights that it could "only issue a junking certificate" for the Escalade, and included a notice of the Wrights' right to appeal to the Administrative Hearing Commission as required by section 621.050.1.

hear an appeal from the Director's decision denying the Wrights' application for a salvage title. We agree, although we do not find that the action in the circuit court was "an appeal."

The legislature has declared the procedure to initially apply for a title. Section 301.573 provides the Department "may review all title designations." Application for a certificate of ownership "shall be made ... upon a blank form furnished by the director of revenue[.]" Section 301.190.1, RSMo Cum.Supp.2009. If satisfied with the application, "the director shall thereupon issue an appropriate certificate over his signature and sealed with the seal of his office[.]" Section 301.190.2. The Director "shall" indicate or designate salvage on the certificate of ownership in the circumstances set forth in section 301.190.11 and 12. The director "shall" issue "salvage" titles and "junking certificate[s]" in the circumstances indicated in section 301.227, RSMo Cum.Supp.2007. In general, a certificate of title cannot be issued for a vehicle once a junking certificate is issued for the vehicle. Section 301.227.3.

Further, as more fully explained below, section 621.050.1, and section 621.189, RSMo Cum.Supp.2001, provide a procedure for appealing "any finding, order, decision, assessment or additional assessment" of the Director—first to the Administrative Hearing Commission and then to the Court of Appeals or Supreme Court.

Section 621.050.1 provides in relevant part:

"[e]xcept as otherwise provided by law, any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue.

"The decision of the director of revenue shall contain a notice of the right of appeal in substantially" the language set forth in the statute.[2] Section 621.050.1. Judicial review of "[f]inal decisions of the administrative hearing commission in cases arising pursuant to the provisions of section 621.050" is in the Court of Appeals or Supreme Court. Section 621.189. Further,

[r]eview under this section shall be exclusive, and decisions of the administrative hearing commission reviewable pursuant to this section shall not be reviewable in any other proceeding, and no other official or court shall have power to review any such decision by an action in the nature of mandamus or otherwise except pursuant to the provisions of this section.

Section 621.189.

The Wrights' withdrawal of their application for a salvage title terminated the proceeding before the Director. No appeal to the Commission was taken as there was nothing before the Commission. The Wrights then initiated an independent and original proceeding before the circuit court to obtain an order "that the Missouri Department of Revenue issue a prior salvage title" for the Escalade. In view of the legislature's (1) authorization of the De-

---

**2.** The fact that the Department failed to include in its April 12, 2012 written communication a notice of the Wrights' right to appeal to the Administrative Hearing Commission may be relevant to the validity of the communication as a finding or decision, or the timeliness of an appeal from the communication to the Administrative Hearing Commission, but there is no indication in section 621.050.1 that a failure to include a notice of the right to appeal in a finding or decision deprives the Administrative Hearing Commission of the authority to hear an appeal from the finding or decision. The Wrights do not refer us to any authority to the contrary.

partment to "review all title designations," (2) assignment to the Director of the responsibility for issuing certificates of ownership, and indicating, designating and issuing salvage titles for motor vehicles, and (3) provision of a procedure that has been interpreted to be an exclusive remedy for appealing decisions of the Director to the Administrative Hearing Commission and then to the appellate courts,[3] the circuit court was not authorized to order the Department to issue a salvage title for the Escalade.

 The Wrights do not refer us to any legal authority, nor have we found any, that supports the circuit court's concurrent or exclusive authority to order the Department to issue a salvage title. The Wrights refer to section 536.150 (uncontested administrative decisions that are not subject to administrative or other judicial review) for support that the circuit court had the authority to review the initial decision of the Department. However, contrary to the Wrights' claim, section 536.150 by its terms is limited to "[w]hen any administrative officer or body ... shall have rendered a decision which is not subject to administrative review ... and there is no other provision for judicial inquiry into or review of such decision[.]" By the express provisions of sections 621.050.1 and 621.189, a decision of the Director is subject to administrative review by the Administrative Hearing Commission "[e]xcept as otherwise provided by law," and final decisions of the Administrative Hearing Commission arising under section 621.050 are subject to judicial review by the Court of Appeals or Supreme Court. Section 536.150 simply is inapplicable to a decision of the Director denying an application for a motor vehicle title.[4]

The Director's point relied on is granted. The circuit court's judgment is reversed and the case is remanded to the circuit court with directions to grant the Director's motion to dismiss the Wrights' suit.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., concur.

---

3. See State ex rel. Lohman v. Latimer, 4 S.W.3d 560 (Mo.App. S.D.1999); Rees Oil Co. v. Director of Revenue, 992 S.W.2d 354, 364 (Mo.App. W.D.1999).

4. At oral argument, counsel for the Wrights also advanced the argument that section 536.100(2), RSMo Cum.Supp.2006, authorized the Wrights to "waive independent review by the board and instead file a petition in the circuit court for the de novo review of the agency's decision." This argument also fails because the clause referenced by counsel is expressly limited to "cases ... where the law provides for an independent review of an agency's decision by a board other than the administrative hearing commission and further provides for a de novo review of the board's decision by the circuit court[.]" Neither of those requirements is present in this case.