FOR APPELLANTS: Kathleen Green Henry, 319 North Fourth Street, Suite 800, Saint Louis, Missouri 63102.
FOR RESPONDENTS: Mark S. Vincent, 203 East Main Street, Suite C, Union, Missouri 63084, Steven Reid White, Mary Elizabeth Zastrow, 4 South Church Street, Union, Missouri 63084.
James M. Dowd, Chief Judge *55 Kelly Brothers Mason (Mason) and Concerned Citizens Against Landvatter Ready Mix (Concerned Citizens) appeal the judgment entered by the Circuit Court of Franklin County which upheld the rezoning decision of the Franklin County Commission in favor of Landvatter Enterprises, LLC (Landvatter). Appellants claim that the circuit court committed reversible error because certain irregularities that occurred during the application review process deprived Mason and Concerned Citizens of procedural due process and rendered the County Commission and the Planning and Zoning Commission's (PZC) review and approval of Landvatter's rezoning application fatally flawed. We agree. In our view, the procedures followed in this case, in which Mason and Concerned Citizens were not given the opportunity to be heard until after the PZC had heard from proponents of the rezoning as well as from other interested parties and had already issued its statutorily-mandated recommendation to the County Commission, deprived Mason and Concerned Citizens of procedural due process because the opportunity they were given to be heard later before the County Commission was not, as required, at a meaningful time and in a meaningful manner. Moore v. Bd. of Educ. of Fulton Pub. Sch. No. 58 , 836 S.W.2d 943, 947 (Mo. banc 1992).
Factual and Procedural Background
This appeal arises from the second of two attempts by Landvatter to build a concrete manufacturing plant on a 24.3-acre tract at the corner of Old Route 66 West Osage Street and Old Gray Summit Road in Franklin County, Missouri. The first attempt was Landvatter's now-abandoned pursuit of a conditional use permit (CUP), and the second is Landvatter's application to rezone the property now before the Court.
Landvatter's Conditional Use Permit Application
In 2014, Landvatter Ready Mix sought and obtained a conditional use permit from the PZC to build a concrete plant on the tract in question which is located in a district zoned "Community Development." Mason and Concerned Citizens appealed the PZC's grant of the permit to the Board of Zoning Adjustment. Although the Board voted 3-2 to deny the permit, the Board did not overturn the decision of the PZC because it believed that there needed to be at least four votes in order to do so. Mason and Concerned Citizens challenged the Board's decision in the Circuit Court of Franklin County and then in this Court. While the appeal was pending, Landvatter Ready Mix withdrew its permit application which rendered the appeal moot.
Landvatter's Rezoning Application
On April 20, 2015, Landvatter, under the name Landvatter Enterprises, LLC, submitted its application to the PZC to rezone the tract on which it intended to build the concrete plant. The application sought to convert the "Community Development" zoning district into a "Commercial Activity 3 Community Business" district, which *56 would allow Landvatter to construct the concrete plant on the desired tract.
In early May 2015, the PZC announced that at its May 19, 2015 regular monthly meeting it would "hear [Landvatter's] request" to rezone the tract. The PZC published notice in the local newspaper and also sent postcard notices to Mason and other individuals residing within 600 feet of the tract in question. This process including the hearing notices sent to the surrounding residents is consistent with and appears to have been derived from a Franklin County regulation specifying the manner in which citizens must be notified before any request to amend the zoning regulations or maps may be heard and adopted. Franklin County Unified Land Use Regulations, Article 14, § 325. Section 325 provides in pertinent part:
A. No order or recommendation that amends any of the provisions of these regulations may be adopted until a public hearing has been held on the proposed amendments.
B. The planning staff shall publish a notice of the public hearing on any order that amends the provisions of these regulations in a newspaper having general circulation in the area. The notice shall be published at least 15 calendar days prior to the public hearing.
C. With respect to map amendments, the planning staff shall mail written notice of the public hearing to the record owners for tax purposes of all properties whose zoning classification is changed by the proposed amendment as well as the owners of all properties within 600 feet of the property rezoned by the amendment.
The newspaper notice and the postcard notices included the phrase "no public comments accepted" with respect to the Landvatter application. On May 5, 2015, the PZC notified various interested parties including representatives of the local fire department and the highway department that the PZC was scheduled to hear the Landvatter request on May 19, 2015 and requested that "[i]f you have any comments or questions that affect whether this rezoning should be recommended or not, please submit them to our office prior to this meeting day. Your comments will be distributed to the Commissioners at or before the meeting."
Mason, for her part, submitted to the PZC clerk a petition with 24 signatures, and several letters, opposing the rezoning and the construction of the concrete plant. The clerk informed Mason that these materials would not be distributed to the PZC for consideration.
Mason and approximately ten members of Concerned Citizens attended the May 19th PZC meeting and requested the opportunity to speak. The PZC refused the request and accepted no comments or materials from Mason or Concerned Citizens. Instead, the PZC heard exclusively from Landvatter and others speaking in favor of the rezoning before proceeding to vote 9 to 1 to recommend to the County Commission that Landvatter's application be approved.
Then, the PZC staff scheduled a hearing before the County Commission on July 23, 2015 to consider Landvatter's rezoning request. The PZC staff again sent to the owners of all properties located within 600 feet of the tract postcards notifying them of the hearing. Mason, members of Concerned Citizens, and other affected individuals attended the hearing. This time, the opposition petition was permitted to be filed, and members of the public were allowed to speak in opposition to the rezoning.
*57 On September 1, 2015, the Commission issued its order adopting the PZC's recommendation to approve the rezoning application. Mason and Concerned Citizens appealed the County Commission's order to the circuit court which held a hearing, received no new evidence and, on August 22, 2016, entered judgment in favor of the Commission and Landvatter. The court stated that it would not "usurp the authority of the Commission," and made no findings of fact or conclusions of law.
This appeal follows. Additional facts, as relevant, are provided below.
Discussion
The question before this Court is whether the procedures followed by the PZC and the County Commission-which involved interested parties including appellants being denied the opportunity to be heard at the May 19, 2015 hearing at which the PZC considered whether to recommend approval of the rezoning application, though the PZC heard from those favoring the rezoning-denied Mason and Concerned Citizens procedural due process and thus rendered the rezoning void.
1. Standard of Review.
Because a rezoning is a legislative act, we review de novo a challenge to its validity. JGJ Props., LLC v. City of Ellisville, 303 S.W.3d 642, 647 (Mo. App. E.D. 2010). And as always, statutory interpretation is a question of law that we review de novo. Gash v. Lafayette Cty., 245 S.W.3d 229, 231-32 (Mo. banc 2008).
2. Procedural Due Process.
The right to procedural due process is not the same in every instance; rather, it is flexible and calls for such procedural protections as the particular situation demands. Jamison v. State, Dep't of Soc. Servs., Div. of Family Servs., 218 S.W.3d 399, 406 (Mo. banc 2007) (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ).
3. Appellants were denied procedural due process by the PZC.
We are guided by the principles laid down by our Supreme Court in Campbell v. County Comm'n of Franklin County, 453 S.W.3d 762, 768 (Mo. banc 2015), a case remarkably similar to this one. In Campbell, the Court reviewed the dismissal by the trial court of the petition challenging the Franklin County Commission's zoning amendments that were adopted to allow the electric utility Ameren Missouri to build a coal-ash landfill next to its Labadie power plant. Id. at 763. The petition alleged inter alia that the commission failed to conduct a legally sufficient hearing as required by § 64.875 RSMo.
At the Franklin County Commission's public hearing concerning the application, the chairman informed those addressing the commission that they could not discuss Ameren or its proposed site for a coal-ash landfill near the Labadie power plant. Id. at 764. Moreover, other county officials "interrupted speakers when they attempted to discuss Ameren's proposed Labadie landfill site...." Id. at 764. The petition asserted that this conduct denied appellants a full and fair opportunity to be heard because the zoning amendments proposed by Ameren were designed specifically to authorize Ameren to build a landfill near its Labadie power plant. Id. at 768.
These facts are remarkably similar to what happened here where the PZC prevented the *58 public from making any comments whatsoever to the PZC. If anything, the facts here are even more troubling because in Campbell the public was at least allowed to address the County Commission while here the PZC prevented the public from making any comments whatsoever.
The Court in Campbell reversed the trial court and reinstated the petition. Id. at 770. The Court relied on § 64.875 which provides that "no amendments shall be made by the county commission except after recommendation of the county planning commission ... [and] after hearings thereon by the commission." Id. at 768 (emphasis added). The Court reasoned that since § 64.875 did not define the term "hearing" or prescribe the requirements for a valid hearing and no Missouri courts had yet defined the exact contours of a sufficient hearing pursuant to section 64.875, the Court must employ "[t]he primary rule of statutory interpretation ... [which is] to give effect to legislative intent as reflected in the plain language of the statute." Gash, 245 S.W.3d at 232 (quoting State ex rel. Burns v. Whittington, 219 S.W.3d 224, 225 (Mo. banc 2007) ). "[T]o discern legislative intent, the Court looks to statutory definitions or, if none are provided, the text's 'plain and ordinary meaning,' which may be derived from a dictionary." Id.
A "hearing" is "a session ... in which testimony is taken from witnesses," an "opportunity to be heard, to present one's side of a case, or to be generally known or appreciated," and "a listening to arguments." Merriam-Webster's Collegiate Dictionary 574 (11th ed. 2012). Given the plain language meaning of the word "hearing," it is apparent that the legislature intended for members of the public to be able "to present [their] side of [the] case," and for the commission to "listen to [the public's] arguments." In sum, the plain language of section 64.875 indicates that speakers must be allowed to address the subject of proposed zoning amendments. Id.
The Court then acknowledged the importance that the affected public is properly notified of a public hearing. Id.; State ex rel. Freeze v. City of Cape Girardeau, 523 S.W.2d 123, 124 (Mo. App. 1975). In State ex rel. Freeze, the court invalidated a zoning amendment because an inaccurate notice which failed to include the Freezes' property deprived the Freezes of an opportunity for a public hearing. Id. at 124. The court reasoned that proper notice and a public hearing are vital steps in the zoning change process by which 'parties in interest' may profoundly affect the legislative course of such an ordinance, and they permit interested citizens an opportunity to furnish the municipality relevant information to prevent improvident changes. Id. at 125.
We now turn to the procedures carried out by the Franklin County Commission and the PZC and conclude that procedural due process was not afforded the appellants because the hearing was not a full and fair opportunity for appellants to be heard at a meaningful time and in a meaningful manner. Moore, 836 S.W.2d at 947. As a result, the rezoning ordinance passed by the County Commission is invalid.
Our decision hinges on the proceedings conducted by the PZC. Despite respondents' attempt to characterize the May 19, 2015 event as a meeting and not a hearing, we conclude on this record that the May 19, 2015 event constituted a hearing to consider Landvatter's rezoning application. First and foremost, while the May 19, 2015 event may have been the PZC's regularly-scheduled monthly meeting, our record demonstrates that the PZC itself referred to its consideration of the Landvatter application as a hearing. Moreover, the PZC solicited input from various interested parties (except appellants) to assist the PZC in making its decision on whether to recommend approval or denial *59 of the Landvatter application. This treatment by the PZC of the Landvatter application certainly satisfies the definition of a hearing as found by the Supreme Court in Campbell, supra, in that the PZC deemed it necessary to hear from interested parties before making its decision on a recommendation. 453 S.W.3d at 770.
Also significant to our opinion is the adherence by the PZC to the statutory notice requirements for hearings on rezoning applications. Missouri statute section 64.863 mandates that no county zoning plan or regulation may be amended "without a public hearing and the person or body which conducts the hearing shall give notice, at least fifteen days before the hearing, by regular mail to all owners of any real property located within six hundred feet of the parcel of land for which the change is proposed." The PZC adhered to this procedure.
Similarly, the Franklin County regulation set forth above, article 14 § 325, reiterates the notice and hearing requirements of§ 64.863. Section 325 also directs that the tasks required to hold a public hearing on a rezoning request shall be carried out by the PZC staff or "planning staff". That is precisely what occurred here: The PZC arranged both hearings-the May 19, 2015 hearing before the PZC and the July 23, 2015 hearing before the County Commission.
We now turn to the crux of Respondents' argument: That the July 23, 2015 hearing held before the County Commission satisfied the hearing and procedural due process requirements of section 64.875 which effectively rendered the May 19, 2015 PZC hearing irrelevant to the disposition of this case. In other words, nothing that the PZC did or failed to do is relevant to this case because the County Commission later held a hearing on the application and heard from both proponents and opponents (including appellants herein) of the rezoning application. We disagree.
While one of the purposes of the PZC's May 19, 2015 hearing may have been to gather information on behalf of the County Commission for use in the July 23, 2015 hearing and to assist it in reaching a decision on Landvatter's rezoning application, it is clear on this record that the PZC was also carrying out its statutorily-mandated duty to formulate a recommendation and issue it to the County Commission. The legislature gave the PZC a meaningful role in the zoning amendment process with unequivocal language: "[N]o amendments shall be made by the county commission except after recommendation of the county planning commission ... [and] after hearings thereon by the commission." Section 64.875. To adopt Landvatter's argument would require us to ignore the specific requirement the legislature included in the statute that no zoning amendment may occur without the PZC rendering to the county commission its recommendation. This we cannot do because it is presumed the legislature intended that every word, clause, sentence, and provision of a statute have effect and be operative. State ex rel. Union Elec. Co. v. Public Service Com'n of Missouri, 765 S.W.2d 626, 628 (Mo. App. W.D. 1988). And it will not be presumed that the legislature inserted idle verbiage or superfluous language in a statute. Id. ; State ex rel. Ashcroft v. City of Sedalia, 629 S.W.2d 578, 583 (Mo. App. 1981).
So, the record here demonstrates that to carry out its statutory duty to formulate and render to the county commission its recommendation on the Landvatter application, the PZC had a hearing, invited all interested parties and heard from all interested parties except those that opposed the application. To deny certain interested parties the opportunity to be heard at the *60 critical stage of the zoning amendment process when the PZC is formulating its statutorily-mandated recommendation to be used by the county commission to render its decision on the application falls well short of providing procedural due process because the appellants were denied the opportunity to be heard at a meaningful time and in a meaningful manner. Moore, supra. The "meaningful time" was at the May 19, 2015 PZC hearing before the PZC issued its recommendation and the "meaningful manner" was simply to allow the appellants to be heard.
Conclusion
For the reasons stated above, we reverse the judgment of the circuit court, and we find the County Commission's rezoning order to be void.
Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J., concur.