In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

PMS 4583 LLC, ) No. ED109696
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Charles County
vs. )
 ) Honorable Jon A. Cunningham
CITY OF NEW MELLE, )
 )
 Respondent. ) FILED: December 14, 2021

 Introduction

 PMS 4583 LLC (the “Schepis”)1 appeal from the circuit court’s judgment dismissing

their declaratory-judgment claim against the City of New Melle (the “City”) for failure to bring

their claim as a writ of certiorari under Section 89.110.2 The Schepis filed for declaratory

judgment under Section 536.150 contesting the denial of their application to rezone the subject

property by the City’s Board of Aldermen (the “Board”). In their sole point on appeal, the

Schepis argue the circuit court erred in granting the City’s motion to dismiss because they were

not required by the Missouri Administrative Procedure Act (“MAPA”)3 to bring their claim

under Section 89.110 in that the zoning decision was not an administrative act of the City’s

1
 For ease of understanding, we refer to the appellant corporation by its owner-members, Peter M. Schepis and Joan
E. Schepis (collectively, the “Schepis”).
2
 All Section references are to RSMo (2016), unless otherwise indicated.
3
 MAPA refers to Chapter 536, RSMo (2016).
Planning and Zoning Commission (the “Commission”) or the City’s Board of Adjustments

resulting from a contested hearing. Rather, the Schepis contend they properly pleaded their

claim for declaratory judgment under Section 536.150 challenging the Board’s denial of their

petition to rezone the subject property. Because the Schepis properly petitioned for declaratory

judgment under Section 536.150 to appeal a zoning decision of the Board, the City’s legislative

body, we grant the point on appeal. Accordingly, we reverse the circuit court’s judgment

dismissing the petition’s claim for declaratory judgment and remand to the circuit court to

continue proceedings consistent with this opinion.

 Factual and Procedural History

 In our review of a motion to dismiss, we take the following facts as pleaded in the

petition as true. The Schepis, on behalf of PMS 4583 LLC as its owner-members, filed an

application (the “Rezoning Application”) requesting the City enact an ordinance amending the

City’s zoning map to rezone the subject property (the “Property”) from residential to

commercial. The Schepis sought to expand their long-standing landscaping business operated on

an adjacent property. Both the City’s Commission and Board reviewed the Rezoning

Application.

 The Commission indicated initial approval of the Rezoning Application, but its approval

was subject to a conditional use permit (“C.U.P.”). The Board then considered the Rezoning

Application and referred the matter back to the Commission for further review of ordinance

requirements relating to the recommended C.U.P. Following several meetings, during which

local residents opposed the rezoning, the Commission recommended denial of the Rezoning

Application. The Board subsequently voted during an aldermanic session to deny the Rezoning

Application.

 2
 The Schepis petitioned for declaratory judgment in the circuit court under Section

536.150 to declare the City’s denial of their Rezoning Application arbitrary, capricious,

unreasonable, and an abuse of discretion. The Schepis sought an order from the circuit court

directing the City to adopt a reasonable zoning classification for the Property (the “Declaratory-

Judgment Claim”). In their second count, the Schepis sought just compensation for the

constitutional taking of their property because the denial of the Rezoning Application rendered

the Property worthless to them (the “Takings Claim”).

 The City moved to dismiss both claims. The City sought dismissal of the Declaratory-

Judgment Claim for failure to bring the appeal under the writ procedures set forth in Section

89.110 after exhausting related municipal procedures. The City sought dismissal of the Takings

Claim for the Schepis’ failure to obtain a final determination from the City through the

procedures for seeking variances or exceptions. The circuit court granted the City’s motion to

dismiss the Declaratory-Judgment Claim, finding that declaratory judgment is unavailable as a

remedy for judicial review of administrative actions of zoning agencies. The circuit court denied

the motion to dismiss the Takings Claim, and it remains pending.

 The Schepis appealed the circuit court’s grant of the City’s motion to dismiss the

Declaratory-Judgment Claim, and the circuit court granted their motion to certify the cause as

final for appeal under Rule 74.01(b).4 We ordered the Schepis to show cause why the appeal

should not be dismissed for lack of a final, appealable judgment and took the jurisdictional issue

with the case.

 Point on Appeal

4
 All Rule references are to Mo. R. Civ. P. (2021).

 3
 In their sole point on appeal, the Schepis assert that the circuit court erred in granting the

City’s motion to dismiss the Declaratory-Judgment Claim because they properly pleaded the

claim under Section 536.150 as a challenge to the Board’s legislative decision refusing to rezone

the property. The Schepis maintain that they were not required to plead their claim under

Section 89.110 because they were not challenging a contested administrative action.

 Jurisdiction

 Preliminarily, the Schepis argue the circuit court’s judgment is a final judgment properly

certified for appeal under Rule 74.01(b) because it resolves the distinct judicial unit of the

Declaratory-Judgment Claim separate from the remaining Takings Claim. The City counters that

the Declaratory-Judgment Claim is not sufficiently distinct from the Takings Claim for the

circuit court’s judgment to be properly certified as final for appeal.

 An appeal is proper from a final judgment “resolv[ing] all issues in a case, leaving

nothing for future determination.” Wilson v. City of St. Louis, 600 S.W.3d 763, 768 (Mo. banc

2020) (internal quotation omitted). The general rule prescribes that “a judgment resolving one or

more claims but leaving one or more claims unresolved is not a ‘final judgment’ for purposes of

[S]ection 512.020(5)[.]” Id. (internal citation omitted). However, under Rule 74.01(b), “the

circuit court may certify for immediate appeal a ‘judgment as to one or more but fewer than all

of the claims or parties’ if the court expressly finds there is no just reason for delaying the appeal

until all claims are resolved.” Id. (quoting Rule 74.01(b)). Whether certification under Rule

74.01(b) is proper “depends on ‘the content, substance, and effect of the order,’ not the circuit

court’s designation.” Id. at 771 (quoting Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc

1997)).

 To properly certify a judgment for appeal under Rule 74.01(b), the judgment must

resolve a distinct “judicial unit” that either resolves all claims by or against one or more parties
 4
or resolves one or more claims that are distinct from those claims that remain to be resolved. Id.

at 769 (quoting Gibson, 952 S.W.2d at 244). “[A] judgment resolves a ‘distinct’ judicial unit if it

resolves claims that do not arise ‘from the same set of facts, and the same transactions and

occurrences, as the counts’ yet to be disposed of in the [circuit] court.” Id. at 770 (quoting

Gibson, 952 S.W.2d at 244). “[T]he ‘effect of Rule 74.01(b) is to permit severance of

any unrelated substantive claim for relief of the parties and to allow appeal of a final judgment

on those severed claims.’” Id. (quoting First Nat’l Bank of Dieterich v. Pointe Royale Prop.

Owners’ Ass’n, Inc., 515 S.W.3d 219, 222 (Mo. banc 2017)). Claims may be considered

separate if they require proof of different facts and the application of distinguishable law, even if

there is some connection in the facts or circumstances between the resolved and unresolved

claims. Id. at 770–71 (internal quotations omitted); but see Energy Market 709, LLC v. City of

Chesterfield, 614 S.W.3d 643, 650 (Mo. App. E.D. 2020) (quoting Ndegwa v. KSSO, LLC, 371

S.W.3d 798, 802 (Mo. banc. 2012)) (noting “‘[d]iffering legal theories or issues presented for

recovery on the same claim’ do not create a distinct judicial unit that allows for certification of a

judgment pursuant to Rule 74.01(b)”).

 Here, the Declaratory-Judgment Claim and Takings Claim derive from the same

operative facts. Namely, the Schepis applied to have the subject property rezoned from

residential to commercial, and the City refused to rezone the property. The Declaratory-

Judgment Claim asks the circuit court to declare the City’s refusal to pass legislation rezoning

the property as arbitrary, capricious, unreasonable, and an abuse of discretion. The unresolved

Takings Claim seeks money damages from the alleged unconstitutional taking of the property

arising out of the City’s refusal to rezone the property. The first claim challenges the validity of

 5
the City’s zoning decision, and the second claim alternatively accepts the validity of the decision

but seeks just compensation.

 It is well settled in Missouri jurisprudence that “[a] claim for inverse condemnation [i.e.,

an unconstitutional taking] under Article I, Section 26 of the Missouri Constitution is not a

collateral attack on an administrative decision and is a wholly separate cause of action requesting

wholly separate relief from that of a claim for review under MAPA.” Metro Fill Dev., LLC v.

St. Charles Cnty., 614 S.W.3d 582, 593 (Mo. App. E.D. 2020). “This [C]ourt previously has

held that a count seeking administrative review of a governmental decision under Chapter 536

constitutes a claim separate and apart from a claim seeking damages for the alleged

constitutional violation resulting from that decision.” Winter Bros. Material Co. v. Cnty. of St.

Louis, 518 S.W.3d 245, 250 (Mo. App. E.D. 2017) (citing QuikTrip Corp. v. City of St. Louis,

801 S.W.2d 706, 711 (Mo. App. E.D. 1990); Blackwell v. City of St. Louis, 726 S.W.2d 760,

764 (Mo. App. E.D. 1987)). In Winter Brothers, we held that a petition’s separate counts for

administrative review of the denial of a C.U.P and for inverse condemnation were distinct

judicial units such that the circuit court properly certified the denial of the C.U.P. as final for

appellate review under Rule 74.01(b) although the claim for inverse condemnation remained

pending. Id. at 250–51. In finding we had jurisdiction over the appeal, we noted that if we

reversed on the C.U.P. claim, the takings claim would be moot, such that there was “no just

reason for delay,” and Rule 74.01(b) certification was in the “interest of sound judicial

authority.” Id. (internal quotations omitted).

 In its responsive brief on appeal, the City wholly fails to address well-established judicial

precedents on the precise issues before this Court. The City’s failure to discuss or attempt to

distinguish this Court’s prior opinions on this very matter underscores the disingenuous fallacy

 6
of its argument. Under the above-cited cases, the Schepis’ claims plainly “do not seek recovery

for the same wrong.” See id. (citing Gibson, 952 S.W.2d at 244). Rather, the Schepis’ claim for

declaratory judgment asserted that the City improperly refused to rezone the Property, while the

Takings Claim asserts that the City violated their constitutional rights by taking the Property

without just compensation. See Metro Fill Dev., 614 S.W.3d at 594. We see no reason to depart

from the principles followed in Winter Brothers, nor does the City offer even the hint of an

argument as to why our holding in Winter Brothers does not apply.5 The Declaratory-Judgment

Claim is a distinct judicial unit properly certified as final for purposes of appeal under Rule

74.01(b). See Winter Bros., 518 S.W.3d at 251. As in Winter Brothers, resolution of the appeal

“could possibly dispose of the entire case and eliminate the need for further proceedings on the

inverse-condemnation [i.e., takings] claim.” See id. Accordingly, we hold that the circuit court

acted soundly within its discretion to certify the appeal under Rule 74.01(b), and we have

jurisdiction to review the appeal. See id.

 Standard of Review

 We review the circuit court’s grant of a motion to dismiss claims in a petition de novo.

Metro Fill Dev., 614 S.W.3d at 587 (internal citation omitted). “In reviewing the petition, we

accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from

those allegations.” Aust v. Platte Cnty, 477 S.W.3d 738, 741 (Mo. App. W.D. 2015) (citing

Campbell v. Cnty. Comm’n of Franklin Cnty., 453 S.W.3d 762, 767 (Mo. banc 2015)).

 Further, “[b]ecause a rezoning is a legislative act, we review de novo a challenge to its

validity.” State ex rel. Gilley v. Cnty. Comm’n of Franklin Cnty., 611 S.W.3d 569, 575 (Mo.

5
 We are disturbed that the City would seemingly “thumb its nose” at this Court’s authority by refusing to
acknowledge the precedent of our prior holdings and not attempting to distinguish this case from those prior
holdings.

 7
App. E.D. 2020) (quoting State ex rel. Mason v. Cnty. Comm’n of Franklin Cnty., 551 S.W.3d

54, 57 (Mo. App. E.D. 2018)); see also Lenette Realty & Inv. Co. v. City of Chesterfield, 35

S.W.3d 399, 405 (Mo. App. E.D. 2000) (internal citation omitted) (noting “zoning and refusal to

rezone are legislative acts” subject to de novo review). “And as always, statutory interpretation

is a question of law that we review de novo.” Mason, 551 S.W.3d at 57 (citing Gash v. Lafayette

Cnty., 245 S.W.3d 229, 231–32 (Mo. banc 2008)).

 Discussion

I. The Circuit Court Erred in Dismissing the Declaratory-Judgment Claim

 The question before us is whether Section 89.110 provides the exclusive remedy for the

Schepis to challenge the Board’s decision to deny the Rezoning Application such that the circuit

court was obligated to dismiss their Declaratory-Judgment Claim brought under Section 536.150.

 Section 536.150 provides that an action for declaratory judgment is only appropriate

where not otherwise relegated to a particular process of judicial review, such as administrative

review under MAPA. See Section 536.150. The statute states in full as follows:

 1. When any administrative officer or body existing under the constitution or by
 statute or by municipal charter or ordinance shall have rendered a decision which
 is not subject to administrative review, determining the legal rights, duties or
 privileges of any person, including the denial or revocation of a license, and there
 is no other provision for judicial inquiry into or review of such decision, such
 decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition
 or other appropriate action, and in any such review proceeding the court may
 determine the facts relevant to the question whether such person at the time of such
 decision was subject to such legal duty, or had such right, or was entitled to such
 privilege, and may hear such evidence on such question as may be properly
 adduced, and the court may determine whether such decision, in view of the facts
 as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary,
 or capricious or involves an abuse of discretion; and the court shall render judgment
 accordingly, and may order the administrative officer or body to take such further
 action as it may be proper to require; but the court shall not substitute its discretion
 for discretion legally vested in such administrative officer or body, and in cases
 where the granting or withholding of a privilege is committed by law to the sole

 8
 discretion of such administrative officer or body, such discretion lawfully exercised
 shall not be disturbed.

 2. Nothing in this section shall apply to contested cases reviewable pursuant to
 sections 536.100 to 536.140.

 3. Nothing in this section shall be construed to impair any power to take summary
 action lawfully vested in any such administrative officer or body, or to limit the
 jurisdiction of any court or the scope of any remedy available in the absence of this
 section.

Section 536.150; see In re Wright, 397 S.W.3d 924, 927 (Mo. App. S.D. 2013) (quoting Section

536.150) (noting “[S]ection 536.150 by its terms is limited to ‘[w]hen any administrative officer

or body . . . shall have rendered a decision which is not subject to administrative review . . . and

there is no other provision for judicial inquiry into or review of such decision’”) (omissions in

original); State ex rel. Pub. Counsel v. Pub. Serv. Comm’n, 210 S.W.3d 344, 352 (Mo. App.

W.D. 2006) (internal citation omitted) (noting “[w]hen the legislature has provided another mode

for judicial review of an agency’s decision, this mode is exclusive and mandatory, and Section

536.150 does not apply”).

 Here, the City maintains that the challenged zoning decision of the Board is subject to the

special review provisions of Section 89.110, thus a declaratory-judgment action filed in the

circuit court under Section 536.150 is not an available remedy. In relevant part, Section 89.110

entitled “Board of adjustment–decisions subject to review–procedure” provides as follows:

 Any person or persons jointly or severally aggrieved by any decision of the board
 of adjustment, any neighborhood organization as defined in section 32.105
 representing such person or persons or any officer, department, board or bureau of
 the municipality, may present to the circuit court of the county or city in which the
 property affected is located a petition, duly verified, setting forth that such decision
 is illegal, in whole or in part, specifying the grounds of the illegality. Such petition
 shall be presented to the court within thirty days after the filing of the decision in
 the office of the board. Upon the presentation of such petition the court may allow
 a writ of certiorari directed to the board of adjustment to review such decision of
 the board of adjustment and shall prescribe therein the time within which a return
 thereto must be made and served upon the relator’s attorney, which shall not be less

 9
 than ten days and may be extended by the court. . . . The court may reverse or
 affirm, wholly or partly, or may modify the decision brought up for review. . . . All
 issues in any proceedings under [S]ections 89.080 to 89.110 shall have preference
 over all other civil actions and proceedings.

Section 89.110 (emphasis added). Section 89.110 thus provides the exclusive remedy to

challenge an administrative zoning decision by a board of adjustment. See id.

 A board of adjustment is an administrative body of local government. A board of

aldermen is the legislative body of local government. The two boards are distinct and separate

entities and serve different functions within local government. See Platte Woods United

Methodist Church v. City of Platte Woods, 935 S.W.2d 735, 738 n.4 (Mo. App. W.D. 1996)

(internal citation omitted) (distinguishing procedures for reviewing decisions of a board of

aldermen and a board of adjustment); Waeckerle v. Bd. of Zoning Adjustment, 525 S.W.2d 351,

359 (Mo. App. K.C.D. 1975) (internal citation omitted) (noting a non-elected board of

adjustment is an administrative body “without a vestige of legislative power”). The requirements

of Section 89.110 limiting appellate review of decisions made by a board of adjustment do not

apply to zoning decisions made by a board of aldermen, an issue addressed by the Western

District in Babb v. Mo. Pub. Serv. Comm’n, 414 S.W.3d 64 (Mo. App. W.D. 2013). While

acknowledging that prior judicial authority suggested that Section 89.110 applies to all zoning

decisions, whether or not made by a board of adjustment, Babb determined through statutory

analysis that “the plain and unambiguous language of [S]ection 89.110 limits its application to

decisions made by [boards of adjustment.]”6 Id. at 76. Babb thus held that “[S]ection 89.110 has

no application to zoning decisions unless made by a [board of adjustment.]” Id. at 77 (emphasis

added). In Babb, the city’s decision to deny a special use permit (“S.U.P.”) was not made by a

6
 Babb abbreviated boards of adjustment as BZAs, short for boards of zoning adjustment. The terms are
interchangeable. We spell out board of adjustment here to avoid confusion and to distinguish from a board of
aldermen.

 10
board of zoning adjustment as defined and authorized by Section 89.080 but by the city’s board

of aldermen. Id. at 76–77. Consequently, Babb found that the appellants aggrieved by the board

of aldermen’s denial of the S.U.P. fell “outside the purview of [S]ection 89.110 and into the

purview of [C]hapter 536” and, correspondingly, the appellants properly sought review of the

board of aldermen’s decision pursuant to the statutory authority of Section 536.150. Id.

 Here, the City acknowledges the Western District’s holding in Babb that Section 89.110

is limited to decisions made by a board of zoning adjustment, not a board of aldermen. See id.

Curiously, the City makes no attempt to distinguish Babb or explain why this Court should not

follow the holding of Babb. The record before us is clear that the City has a board of adjustment,

an entity distinct and separate from the City’s board of alderman. The record is equally clear that

the zoning decision at issue was made by the board of alderman. In fact, the record does not

reflect that the City’s board of adjustment had any involvement whatsoever in the Rezoning

Application. The City proffers no judicial authority specifically addressing appeals from the

rezoning of property by a board of aldermen. Applying the analysis of Babb, we hold the

Schepis’ appeal from a rezoning application decision by the Board was not required to be

brought as a writ of certiorari under Section 89.110. See id.

 We note that in arriving at its holding that Section 89.110 is limited to decisions by a

board of adjustment, Babb expressly rejected prior cases, “each of which conclude[d], without

analysis or resort to required rules of statutory interpretation or construction, that since

[S]ection 89.110 is a more specific judicial review statute than that outlined in [C]hapter 536, it

should be applicable to all zoning decisions[.]” Id. at 76 (internal citations omitted) (emphasis

added). Among the judicial authority rejected by Babb are those opinions upon which the City

principally relies in the case at bar. See, e.g., Gannett Outdoor Co. of Kan. City v. Bd. of Zoning

 11
Adjustment of Jackson Cnty., 943 S.W.2d 359 (Mo. App. W.D. 1997) (reviewing a Chapter 536

petition appealing a board of adjustment’s S.U.P. denial); Platte Woods, 935 S.W.2d 735

(reviewing a Chapter 536 petition appealing a board of alderman’s C.U.P. denial); Deffenbaugh

Indus., Inc. v. Potts, 802 S.W.2d 520 (Mo. App. W.D. 1990) (reviewing a Chapter 536 petition

appealing a city council’s S.U.P. denial). The City does not persuasively argue that we should

reject Babb’s cogent analysis of Section 89.110’s plain-language limitations, nor that these

previously-rejected cases should lead us to affirm the circuit court’s dismissal. In particular,

Platte Woods recognized that bringing an action challenging the zoning decision of a municipal

agency under a petition for review under Chapter 536, rather than by a writ of certiorari under

Section 89.110, is not fatal to a court’s jurisdiction. Platte Woods, 935 S.W.2d at 737–38

(internal citation omitted). Rather, “many zoning type cases involving special use permits,

conditional use permits, and building permits have been reviewed under Chapter 536 and . . .

because [S]ections 89.110 and 536.100 to 536.140 are functionally equivalent procedures for the

judicial review of quasi-judicial decisions of municipal zoning agencies, the misnamed pleading

did not deprive the trial court of jurisdiction.” Id. at 738 (citing Deffenbaugh, 802 S.W.2d at

524–25). Platte Woods further found it had jurisdiction to review a petition challenging a board

of aldermen’s decision denying a C.U.P. brought under Sections 536.100–.140 by treating it as a

writ under Section 89.110 where the petition provided the reviewing trial court with all the

information used by the board of aldermen in reaching its decision. Id.

 Here, we do not consider whether the petition may be treated as a writ of certiorari for

purposes of proceeding under Section 89.110 because the Schepis properly brought their

Declaratory-Judgment Claim under Section 536.150 challenging a zoning ordinance decision by

the City’s Board. See Babb, 414 S.W.3d at 76–77; see also Hoffman v. City of Town &

 12
Country, 831 S.W.2d 223, 224–25 (Mo. App. E.D. 1992) (internal citation omitted) (“The review

of the local legislative body’s grant or denial of rezoning is not initiated in a trial court by direct

appeal on the record made before the legislative body, rather review is initiated by a plenary

action, such as the request for a declaratory judgment to declare the grant or denial of rezoning to

be a deprivation of rights.”). The decision by a city’s elected legislative body, here a board of

aldermen, concerning a zoning ordinance amendment is distinct from an administrative decision

made by unelected administrators. See Platte Woods, 935 S.W.2d at 738 n.4 (internal citation

omitted); see also Hoffman, 831 S.W.2d at 224 (internal citation omitted) (“In Missouri, zoning,

rezoning and refusals to rezone are considered to be legislative acts, not quasi-judicial acts.”).

We recognize that the legislature may specify otherwise, e.g., Section 64.870.2 requires appeals

from zoning decisions of certain elected county officials be brought through a writ of certiorari.

See Campbell, 453 S.W.3d at 765 (citing Section 64.870.2) (noting the legislature prescribed

specific procedures for reviewing certain county rezoning applications under writs of certiorari);

Gash, 245 S.W.3d at 230 (internal quotation omitted) (noting in considering the applicability of

Section 64.870.2 to fourth-class counties that “[a]lthough courts do not typically employ the writ

to review legislative decisions, the General Assembly may ‘enlarge the scope of the remedy of

certiorari and the grounds on which it will lie’”). Here, however, the plain language of Section

89.110, and the City’s similarly-worded ordinance in the City’s Municipal Code section

405.845(A),7 explicitly refer to procedures for appealing decisions of the Board of Adjustment,

not the Board of Aldermen. Thus, the operative statute under which the City maintains the

7
 On appeal, the Schepis moved to strike the City’s citation to Municipal Code section 405.845, alleging it was not
part of the record before the circuit court. See Platte Woods, 935 S.W.2d at 739 (internal citation omitted) (“A court
may not take judicial notice of the existence or contents of an ordinance.”). However, we find the ordinance was
properly included in the record before the circuit court within the City’s memorandum in support of its motion to
dismiss the Schepis’ petition. Because the ordinance is part of the legal file, we overrule the motion to strike. See
id.

 13
Schepis’ claim must be dismissed is inapplicable. See Section 89.110; Babb, 414 S.W.3d at 76–

77.

 Although the circuit court dismissed the Declaratory-Judgment Claim under Section

89.110, we lastly consider whether any other authority directs special or limited review of the

Board’s zoning decision. See In re Wright, 397 S.W.3d at 927 (noting Section 536.150 is limited

to when there is no other provision for judicial inquiry into or review of the challenged decision);

State ex rel. Pub. Counsel, 210 S.W.3d at 352. The City suggests that the Board’s decision is

subject to administrative review by the Board of Adjustments, thus the Schepis’ claim should be

dismissed for failure to first appeal to the Board of Adjustments. We disagree. As the Schepis

note, the City’s proffered authority of Platte Woods explains that a board of adjustment is a

subordinate and appointed body with no jurisdiction to review the decision of a municipality’s

elective body of the board of aldermen. See Platte Woods, 935 S.W.2d at 738 n.4 (internal

citation omitted) (finding “[t]he trial court correctly determined that the [b]oard of [z]oning

[a]djustment had no jurisdiction to review the decision of the [b]oard of [a]ldermen”).

“Although a municipal agency acts administratively when deciding whether to issue a special

use or conditional use permit, a municipal agency is not an administrative officer as

contemplated in [S]ection 89.100.” Id. (emphasis added) (internal citation omitted). Because the

City fails to demonstrate that another law requires administrative review of the Board’s zoning

decision under Section 89.110, the Schepis properly pursued their Declaratory-Judgment Claim

under Section 536.150. See Sections 89.110, 536.150. Accordingly, the circuit court erred in

dismissing the Declaratory-Judgment Claim. See Metro Fill Dev., 614 S.W.3d at 587 (internal

citation omitted).

 14
 Conclusion

 The judgment of the circuit court is reversed. We remand for the circuit court to reinstate

the Declaratory-Judgment Claim and continue proceedings consistent with this opinion.

 _________________________________
 KURT S. ODENWALD, Presiding Judge

Kelly C. Broniec, J., concurs.
John P. Torbitzky, J., concurs.

 15